(Decided 10th March, 1880.)

GEORGE F. WEBB and ABNER WEBB *vs.* WILLIAM HAEFFER.

*Mortgaged Premises must be Sold in the County in which Situate.*

Under the provisions of Art. 64 of the Code, a power cannot be given in a mortgage to a mortgagee to sell mortgaged premises outside of the county in which they are situate.

A mortgage with such a clause is without any valid power of sale, and the mortgagee can only proceed by obtaining a decree of foreclosure.

A sale of mortgaged premises made in the City of Baltimore, when they are situate in Baltimore County, is without authority of law and should not be ratified.

APPEAL from the Circuit Court for Baltimore County, in Equity.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BRENT, MILLER, ALVEY and IRVING, J.

*John H. Handy,* for the appellants.

The sale of the mortgaged premises in this case, being made in Baltimore City, was in violation of the positive provisions of sec. 14 of Art. 64 of the Code.

There has been no decision of this Court directly upon the question. But it has been assumed in several cases, that had the point been made directly and not collaterally, and the instrument been a technical mortgage, then the provisions of the Code, regulating mortgages, would be imperative. See *Harrison & Brown, Trustees vs. The Elkridge & Annapolis R. R. Co.*, 50 *Md.*, 490; *Cockey vs. Cole*, 28 *Md.*, 276; *Merrill vs. Gelston*, 34 *Md.*, 413; *Warehime vs. Carroll Co. Build. Assoc.*, 44 *Md.*, 513.

The provision requiring the mortgagee to sell the property in Baltimore City, being void, the mortgagee has no power to sell elsewhere, because there is no contract with or authority in him to sell except in Baltimore City. It is necessary for him to obtain a decree of the Circuit Court for Baltimore County, and the appointment of a trustee to make sale of the mortgaged premises. *Waldron vs. Chasteney*, 2 *Blatch.*, 67; *Goodtitle vs. Funucon*, 2 *Douglass*, 572; 1 *Sug. on Powers*, 255; *Daley vs. James*, 8 *Wheaton*, 535, 536.

*J. Alexander Preston*, for the appellee.

The sale of the property in the City of Baltimore, was authorized by the terms of the mortgage. *Art.* 64, *sec.* 5, *of the Code; Walter B. Brooks, et al. vs. August Douglas, et al., in Cir. Ct. for Balto. Co.*

The current of all decisions in other States recognizes the right of the mortgagor to select the place where the property can be most advantageously sold. In the present case there is no dispute in regard to the fact that Baltimore City was the most desirable place at which the property described in these proceedings should be sold. 2 *Jones on Mortgages, sec.* 1846; *Calloway vs. Peoples' Bank*, 54 *Georgia*, 441; *Rice vs. Brown*, 77 *Illinois*, 549.

BRENT, J., delivered the opinion of the Court.

On the 11th of May, 1876, George F. Webb, one of the appellants, executed to William Haeffer, the appellee, a

mortgage upon certain leasehold property, situated *in Baltimore County*, to secure the payment of five promissory notes of even date therewith.

The mortgage contains a clause authorizing the mortgagee or his attorney, J. A. Preston, in case of default in the payments as they fall due, to advertise and sell in *the City of Baltimore*, the mortgaged premises.

Some of the payments having fallen in arrear, the mortgagee proceeded on the 21st of November, 1877, to take the first step required by the Code before proceeding to sell, by filing a bond in the Circuit Court for Baltimore County, accompanied by a statement of his claim and an affidavit.

A notice of the time, place and terms of sale was given in a newspaper, published in Baltimore County, and also in a newspaper published in the City of Baltimore, and the City was designated as the place of sale.

In accordance with this notice the mortgagee, Haeffer, proceeded on the 20th of December, 1877, to sell and did sell the mortgaged premises by public auction at the Exchange Salesrooms in the City of Baltimore.

This sale was duly reported to the Circuit Court for Baltimore County; several objections were filed by the appellants to its ratification, and among them is the objection, that the sale was made in the City of Baltimore, and not in the county where the land is situated.

The objections were all overruled, and an order passed finally ratifying the sale. From this order of ratification the appellants have appealed; and the question is presented whether under the provisions of the Code a power can be given in a mortgage to a mortgagee to sell mortgaged premises outside of the county in which they are situated.

There can be no doubt that the instrument in question is a technical mortgage. The question as to whether it is not to be regarded as in the nature of a deed of trust,

does not therefore arise, and has not been presented by either side.

The sale was not made under a decree of foreclosure, but the party mortgagee has proceeded under the powers conferred by Art. 64 of the Code.

The 5th section of that Article authorizes a clause, to be inserted in all mortgages, empowering the mortgagee or any other named person to sell the mortgaged premises, upon such terms and on such contingencies as may be expressed therein.

If other sections of the Article were silent as to the place of sale, the words "terms" and "contingencies" as used in that section might be extended in their meaning to embrace it; but where other sections fix and designate the place of sale, they must be understood in such sense as will harmonize the sections of the Article. We understand these words to designate the terms as to cash or credit upon which the mortgaged property is to be sold, and the existence of circumstances, such as default in payment, under which the mortgagee or party named in the mortgage may proceed to sell.

The language of the 14th section is express in its terms, that all mortgage sales shall be made *in the county or city where the mortgaged premises are situated*, unless they are situated in more counties than one, and then the sale may be made in either county in which the lands lie.

This language is so plain that it can admit of but one interpretation. It is mandatory and binding, and a party, who proceeds under a power authorized by Art. 64, must do so in the mode and manner pointed out in its several sections.

Parties are ordinarily left free to contract, but they will not be permitted to do so in violation of statute regulations. *Lawrence vs. Farmers' Loan and Trust Co.,* 13 *N. Y.,* 213; *Elliott vs. Wood,* 53 *Barb.,* 305.

Webb *vs.* Haeffer.

There are other sections of Art. 64 of the Code, which indicate that in mortgage sales like the present, the requirements of the 14th section must be strictly followed.

The 6th section makes it imperative upon every person, authorized under sec. 5 to make sale, to file before he proceeds to do so, a "bond to the State in such penalty and with such security as shall be approved by the Judge or clerk of a Court of equity of the city or county, *in which the mortgaged premises lie."* This bond is the beginning of the exercise of the power in the mortgage, and has been treated in this proceeding as giving jurisdiction to the Circuit Court for Baltimore County, although the sale was made in Baltimore City.

Section 8 is as mandatory in its terms as the other sections referred to, and requires "all such sales to be reported under oath to the Court having chancery jurisdiction *where the sale is made."* If section 14 is to be disregarded and the contract of the parties as to the place of sale is to supersede its requirements, the report of sale should have been made under the 8th section, not to a Court having chancery jurisdiction in Baltimore County, but to a Court having chancery jurisdiction in the City of Baltimore, as it was there that the sale was made.

But all these sections readily harmonize by following the requirements of the 14th section, and making it imperative that the sale should be made in the county where the mortgaged premises lie.

This, we think, is the true construction of the law, and the conclusion we have reached is, that the sale of the mortgaged premises in this case being made in the City of Baltimore, when they are situated in Baltimore County, is without authority of law, and should not have been ratified.

It follows, that the order finally ratifying the sale must be reversed.

It becomes unnecessary to refer to the other appeal in this case, being from the ratification of the auditor's

report, more particularly than to say, that the report necessarily falls with the reversal of the order ratifying the sale. The order affirming the auditor's report must, therefore, be also reversed.

As we think, from the views we have expressed, that the mortgage in question stands without any valid power to sell, and that the mortgagee can consequently only proceed by obtaining a decree of foreclosure, this case will not be remanded.

> *Order ratifying sale reversed, and*
> *order ratifying auditor's report reversed.*

(Decided 10th March, 1880.]