# ALEXANDER PAYSON KNAPP *vs.* THOMAS H. ANDERSON.

*Advertisement of Mortgage Sales in Baltimore City—Agreement as to Notice.*

Local Code, Art. 4, sec. 720, &c., contains provisions as to the notice to be given by advertisement of mortgage sales in Baltimore City and directs that the advertisement shall be inserted in two daily newspapers. A mortgage provided for a sale upon default after giving twenty days notice, by advertisement in *some* newspaper. *Held*, that under the statute the parties to a mortgage are not prohibited from agreeing as to the notice to be given, and a sale made in pursuance of the notice agreed upon is valid, but if there be a power of sale in the mortgage and no agreement as to notice, then it must be given in two daily newspapers published in Baltimore.

Appeal from a *pro forma* order of the Circuit Court of Baltimore City overruling exceptions to the sale reported in this case, and finally ratifying the same.

The cause was submitted to the Court on briefs by :

*Isidor Rayner*, for the appellant.

*Joseph C. France* and *J. Kemp Bartlett, Jr.*, for the appellee.

BOYD, J., delivered the opinion of the Court.

There is but one question brought before us by this appeal and that is free from any great difficulty. In July, 1897, one Clarence M. Rogers executed a mortgage to the Washington National Building and Loan Association of Washington, D. C., on some property situated in the city of Baltimore. Default having taken place, Thomas H. Anderson, the attorney named in the mortgage, advertised the property, sold it at public auction to the appellant and reported the sale to the Circuit Court of Baltimore City. In due time exceptions were filed by the purchaser to the rati-

fication of the sale and a *pro forma* order overruling the exceptions and ratifying the sale was passed. The single point before us is the effect of the provision in the power of sale, which, amongst other things, gives the attorney, in case of default, power " to sell the hereby mortgaged property at public auction and convey the same to the purchaser or purchasers thereof, which sale shall be made upon giving at least twenty days' previous notice of the time, place, manner and terms of sale by *advertisement in some newspaper published in Baltimore City*," etc.

Under Art. 4 of the Code of Public Local Laws, title " City of Baltimore," provision is made in sections 692 to 704 (now sections 720 to 732 under the Act of 1898), for the foreclosure of mortgages—most of the sections referring to the practice usually adopted in that city of obtaining decrees by consent, as provided for in the mortgages, but section 702 (now 730) provides that " any mortgagee of property in the city of Baltimore, his assignee or executor, where a power to sell is contained in the mortgage, may proceed under Article 66 of the Public General Laws, title ' Mortgages,' *but notices of sale under such powers shall be published in two daily newspapers in said city for the period required by law.*" In point of fact the property was duly advertised in two daily newspapers published in the city of Baltimore— " The Sun " and " The Daily Record." The statute has therefore been complied with and the agreement of the parties as to notice has not only been carried out but more has been done than they agreed should be. But it is contended by the appellant that the power of sale attempted to be given was void, because not in accordance with the law existing when the mortgage was executed, which required the notice to be inserted in " *two daily newspapers*," whilst the power of sale only required it to be published in " *some newspaper* published in Baltimore City."

In the first place we do not understand that to be the meaning of the statute. It says that when a power to sell is contained in the mortgage, the mortgagee, etc., may pro-

ceed under Article 66 of the Public General Laws, and sec-
tion 8 of that Article provides that "there shall be given
such notice as may be stated in such mortgage, or *if there
be no agreement as to notice*, then the party offering the same
for sale shall give twenty days' notice of the time, place and
terms thereof, by advertisement in some newspaper printed
in the county," etc. Manifestly, then, the Legislature did
not intend by sec. 702 of Art. 4 of the Local Code to pro-
hibit the parties from agreeing as to the notice, which the
general law expressly authorizes, but when it added " but
notices of sale under such power shall be published in two
daily newspapers in said city, *for the period required by law,*"
it referred to cases in which the parties themselves had not
provided in the mortgage the kind of notice to be given.
That such was the intention of the Legislature is made
clearer by the concluding part of the section—"*for the
period required by law.*" There is no " period required by
law " excepting the twenty days' notice to be given when
the parties have not agreed upon notice, and hence it would
seem clear that the Legislature, by making this provision,
only intended to refer to such cases, and that section 702 of
the Local Law, when taken in connection with section 8 of
Art. 66, simply means that when there is a power of sale in
the mortgage, such notice shall be given as is therein agreed
upon, but if there is no agreement as to the notice, it shall
be given in two daily newspapers published in Baltimore,
instead of one published in the county where the mortgaged
premises lie, as provided for by the General Law.

Whilst this precise question was not involved in *Roberts*
v. *Building Association*, 74 Md. 1, that case clearly recog-
nized the right of the parties to mortgages in Baltimore
City to agree to the notice, etc., to be given, just as can be
done in the counties under the General Law. In *Chilton* v.
*Brooks*, 71 Md. 445, and in the *Roberts case*, the question
was whether the respective properties were to be advertised
in Baltimore County or Baltimore City. The mortgages
had been given in both cases on lands which were in the

county when they were executed, but before the sales were made the lands had been annexed to the city. In *Chilton* v. *Brooks*, the mortgage provided for advertisement in a newspaper published in Baltimore County, whilst in the *Roberts case* the several mortgages involved therein simply provided for proceeding under the provisions of what is now Article 66 of the Code.. In the former case it was held that the property was properly advertised in the county, while in the latter it was held that the advertisement in the two daily newspapers in the city was correct. In distinguishing the two cases, the Court said in the latter: " There the mortgage specifically declared *what* notice was to be given and *where* it was to be published. It required the advertisement to be given by publication in Baltimore County and that was done. \* \* \* In these mortgages (referring to those in the *Roberts'* *case*) as we have stated, there is no other requirement than that the sale shall be made in accordance with the provisions of Article 64 (now 66) of the Code ; and Article 64 of the Code is applicable to Baltimore City —more extensive, but no different notice being, however, exacted by the Local Law when Article 64 is invoked in the sale of property in the city. \* \* \* *There being no regulation prescribed in the mortgages* as to the place where the advertisement was to be published, and the law, *in the absence of any agreement on the subject*, declaring that the advertisement must be published in the county where the lands lie, it of necessity follows that when this property ceased to be a part of Baltimore County, and became a part of Baltimore City, the authority to sell under the consent contained in the mortgages could only be validly exercised in the city after advertisement there. *In the absence of special conditions* like those in *Chilton* v. *Brooks*, the power to sell must be executed conformably to the laws in force at the time of the sale in the county or city where the property then lies, and where the sale must be made."

So it would seem clear, that if an advertisement in one Baltimore County paper of property which was in the city

when the sale was made was sufficient and proper, *because the parties had so agreed*, there ought to be no question about their right to agree that the advertisement could be in one paper instead of two.   If this were not so, there might be cases where the costs would exceed the value of the mortgaged property.  Art. 66 of the Code is applicable to goods and chattels as well as lands, and it might be that it would be desirable to sell the mortgaged goods and chattels, after advertising for less than twenty days and without the expense of inserting the advertisement in two daily newspapers. Of course we do not mean to say that an agreement in conflict with the statute would be permitted.   In *Webb* v. *Haeffer*, 53 Md. 187, this Court said that a valid power could not be given in a mortgage to sell the mortgaged premises outside of the county because the statute expressly required them to be sold in the county or city where they are situated.  But our construction is that in the case before us there is not only no prohibition against the parties agreeing as to the notice, but it is expressly authorized by Art. 66 of the Code, which has been made applicable to Baltimore City by the section of the Local Law above quoted, and the provision for advertising in two daily newspapers only applies when there is no agreement between the parties.

> *Order affirmed, costs to be paid by the appellant.*