In re READING HAT MFG. CO.

(District Court, E. D. Pennsylvania. July 22, 1915.)

No. 4982.

1. BANKRUPTCY ☞268—PURCHASER OF BANKRUPT'S REAL ESTATE—LIABILITY FOR TAXES.

The liability of a purchaser of a bankrupt's real estate for taxes thereon, constituting under the law of the state a lien from the date of the levy of the taxes, depends on contract, and a purchaser agreeing to pay the taxes in addition to his bid must do so; but where he buys the property for the bid, the trustee may not compel him to pay taxes.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 372–379; Dec. Dig. ☞268.]

2. BANKRUPTCY ☞151—TITLE OF TRUSTEE.

A trustee in bankruptcy succeeds by operation of law to the title of the bankrupt; but liens and incumbrances, not avoided by the bankruptcy law (Act July 1, 1898, c. 541, 30 Stat. 544), remain unaffected, except so far as the remedy of enforcement is limited by the property having passed into the custody of the court.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 193, 239; Dec. Dig. ☞151.]

3. BANKRUPTCY ☞88—TITLE OF TRUSTEE—LIENS OF THIRD PERSONS.

Persons having liens on the property of a bankrupt passing by operation of law to his trustee, or persons with rights in the property, are not parties to the bankruptcy proceeding, unless they come into the bankruptcy court to enforce their rights, or are brought in to have the rights of the trustee asserted as against them.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 58, 98, 104, 109–112; Dec. Dig. ☞88.]

4. BANKRUPTCY ☞268—SALE OF PROPERTY SUBJECT TO LIENS AND INCUMBRANCES—GENERAL EQUITY PRACTICE.

The practice in the bankruptcy court in sales of property, subject to liens and incumbrances in favor of third persons, follows the general equity practice, and where an order of sale does not direct the divestiture of

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

a lien, the purchaser takes title subject to existing liens, and must pay them or otherwise arrange with the lien creditors to retain the property.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 372–379; Dec. Dig. ☞268.]

**5. BANKRUPTCY ☞261—ORDER OF SALE—DIVESTING LIENS—PARTIES.**

An order by the bankruptcy court for a sale of property, divesting liens and incumbrances, will not be made without notice to the lien creditors whose status will be affected thereby, or without giving them an opportunity to assert their rights.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 361, 362; Dec. Dig. ☞261.]

**6. BANKRUPTCY ☞268—SALE OF INCUMBERED PROPERTY—TAXES.**

A petition for an order of sale of real estate of a bankrupt alleged that the property was subject only to the lien of a mortgage and a claim for water rent. The order of sale directed a sale "free and discharged from all liens and incumbrances on said real estate described in the foregoing petition," and that the fund should be subject to the same liens as the real estate itself was subject. The return of sale set forth the order to sell clear of liens and incumbrances, reported a sale in pursuance thereof, and prayed for confirmation, and for authority to execute and deliver a deed free from liens and incumbrances on payment of the bid. The order of confirmation was that the real estate was sold for the amount of the bid, free of liens. At the time of filing the petition, taxes on the property had not been levied; but at the time of sale a lien for taxes existed. *Held,* that the purchaser took a clear title, freed from liability for taxes, which the trustee must pay out of the proceeds.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 372–379; Dec. Dig. ☞268.]

In Bankruptcy. In the matter of the Reading Hat Manufacturing Company. Petition for review of an order of the referee dismissing the petition of a purchaser at a trustee's sale to recover a deposit in the hands of the trustee as stakeholder. Order revoked, petition reinstated, and cause remanded for further proceedings.

Thomas O. Peirce, of Philadelphia, Pa., for petitioners.
Rearick & Illoway, of Philadelphia, Pa., for trustee.

DICKINSON, District Judge. The controversy here is over the sum of $130.44 in the hands of the trustee as a stakeholder, to be paid to the person to whom the money should be adjudged to belong. The money was deposited under these circumstances: The bankrupt was the owner of certain real estate, against which was a mortgage. The mortgage was asserted by the mortgagee to be a lien, not only upon the land and building, but also upon certain machinery therein, constituting in part the manufacturing plant of the bankrupt. This machinery was sold by the trustee as personalty; the purchaser agreeing that the land and buildings would bring at least the sum of $7,000. A sale was made of the latter property, and it brought $7,200. When settlement came to be made, a dispute arose over the question of the apportionment of the taxes for the then current year. The purchaser demanded a deed upon payment of the amount of his bid. The trustee demanded in addition the sum of $130.44, representing the apportioned taxes for the unexpired part of the tax year. The question of the conveyance of the title was adjusted by the payment of the money to

the trustee, and the dispute was by agreement transferred to the fund.

[1] It would seem to be clear that the answer to the question raised is wholly dependent upon the terms of sale; in other words, it is a matter of contract. If the purchaser agreed to pay the taxes in addition to his $7,200 bid, he should pay. By the same token, however, if he bought the property for that sum, the trustee should not have exacted more. If authority is required for so plain a proposition, it may be found in the emphatic language of Judge McPherson, in the opinion in the Case of Gerry (D. C.) 112 Fed. 958. The question of what lien incumbrances were against the property, and which of them were divested by the sale, arises only incidentally. It would arise directly only between the lien creditor and the purchaser, if the lien continued and came to be enforced, or between the lien creditor and the fund, if the lien had been divested by the sale. Taxes by the Pennsylvania statutes are a personal claim against the person against whom assessed, and a lien upon the real estate on which assessed. This lien begins when the tax is levied by the authoritative fixing of the tax rate for the year, which, together with the last previous assessment (triennial or otherwise), determines the amount of the tax. Moreover, taxes possess, in the expressive phrase of the French law, the characteristic of solidarité. The claim is for the whole tax as assessed and levied, and is not apportioned to different parts of the year, nor among successive owners during the year. The general principle of the law of divestiture of liens in Pennsylvania is that a judicial sale divests all liens, and those liens only are preserved which are saved by statute. The lien of taxes may be preserved by statute to the extent to which the sale fund is insufficient to pay them. They may be given priority of payment over other incumbrances which are ahead of them in lien, but this should not be confounded with priority of lien. These taxes were liens at the time of the sale. If the sale had been a state judicial sale, such as under the laws of Pennsylvania would have divested the lien of the first mortgage, the lien of the taxes would have been also divested. If the purchaser's bid had been free from other complications, he would have taken title to the property clear of the lien of the taxes, and the tax claim would have been transferred to the purchase money. It only remains to consider how far the question before us is affected by the fact that the sale was in pursuance of proceedings in bankruptcy.

[2, 3] It is settled beyond the need of the citation of authorities to support the proposition that the title to which the trustee succeeds is the title of the bankrupt, in the sense of, over what he had the power of disposition and what might have been levied upon and sold as his property. Bankruptcy proceedings do not of themselves operate as an attachment or sequestration in the sense of a judgment or the conferring of a lien, but are a mere passing by operation of law of the title of the bankrupt to the trustee. Liens and incumbrances against the property not avoided by the Bankrupt Law remain unaffected by the proceedings, except to the extent to which the remedy of enforcement is limited by the property having passed into the custody of the court. Until such lien creditors or other third persons with rights in the property of the bankrupt come into the bankrupt court to enforce

their rights, or are brought in to have the rights of the trustee asserted, as against them, they are in no proper sense parties to the bankruptcy proceedings. York Co. v. Cassell, 201 U. S. 344, 26 Sup. Ct. 481, 50 L. Ed. 782.

[4, 5] The practice in the bankruptcy court, as the learned referee has correctly held, in sales of property subject to lien and incumbrances in favor of third parties, follows the general equity practice. If the order of sale does not direct the divestiture of the lien, by providing that the property shall be sold, the purchaser takes title subject to all existing liens, and must, of course, pay the liens or otherwise arrange with the lien creditor in order to retain the property. No order of sale divesting liens will be made without notice to the lien creditor whose status will be affected thereby, or without giving him an opportunity to assert his rights. Whatever order is made, of course, controls, and, if the lien is divested, it is transferred to the purchase money, which stands in lieu of the property. Proceedings for the sale of real estate are made up of petition, order, sale, return, and confirmation.

[6] When the petition was filed in this case, these taxes had not been levied, and as a consequence were then no liens. Of necessity they did not appear in the statement of the liens. The order was to sell the property clear. The terms and conditions of sale (with the possible modification later referred to) followed the order, and the sale was confirmed as a sale clear of all liens and incumbrances. At the time of sale, as well as of confirmation, the lien of the taxes had fastened upon the property. Under section 64 of the Bankruptcy Act (Comp. St. 1913, § 9648) it is the duty of the trustee to pay taxes. Indeed, the obligation in this case followed the then ownership of the property by the trustee.

The thought that the order of sale limited the divestiture to the liens and incumbrances set forth in the petition seems to have found a lodgment in the mind of the referee. The language of the petition is that the real estate was subject only to the lien of a mortgage and a claim for water rent, and that there were no other liens or incumbrances known to the trustee. The order of sale was that the property should be sold "free and discharged from all liens and incumbrances on said real estate described in the foregoing petition," and that "the fund realized from the sale thereof shall be subject to the same liens and incumbrances as the real estate itself is subject." The return of sale sets forth the order to sell clear "of all liens and incumbrances," and reports a sale in pursuance of the order. This is followed with a prayer for confirmation, and for authority "to execute and deliver a deed for said real estate free and discharged from all liens and incumbrances" upon the payment of the $7,200 therefor. The order of confirmation is that the described real estate sold "for the sum of $7,200 free and discharged of all liens and incumbrances," and the trustee is directed to make conveyance upon receipt of said sum.

The order of sale was apparently construed by the trustee as meaning that the real estate should be sold clear of liens and incumbrances set forth in the petition. This meaning he gathers from the expres-

sion "described in the foregoing petition." The phrase, however, is that the "said sale shall be free and discharged from all liens and incumbrances on said real estate described in the foregoing petition." The quoted phrase therefore may, and we think should, be taken as referring to the real estate—its nearest antecedent—rather than to the liens and incumbrances. Moreover, the logical effect and the legal intendment of an order of sale clear of a mentioned lien is to divest all junior or later liens. Furthermore, an order of confirmation of sale may operate as a prior authorization, and both the return of sale and the order of confirmation here are free from ambiguity, and were intended to pass a title clear of all liens.

If, therefore, the present question is to be determined in the light of findings as made by the referee, the purchaser took a clear title, and was under no obligation to pay anything beyond the amount of his bid, and it was the place of the trustee, both because the taxes were assessed during his ownership, and because of the order of the court transferring all liens against the real estate to the purchase money, to pay the taxes, and the petition of the purchaser for the return of the $130.44 deposited by him should have been granted by the referee. Inasmuch, however, as there is at least the intimation in the record, and there was the assertion at the bar of the court at the argument, that this purchaser had agreed with the trustee that, in the event of his becoming the purchaser of the real estate, he would pay the taxes apportioned to the part of the tax year succeeding his purchase, we do not feel free to make this order, as the referee has returned no finding of this fact.

The disposition made of the present petition for a review is to revoke the order of the referee dismissing the purchaser's petition, reinstate the same, and to remit the cause to the referee for further proceedings therein. We would add for the guidance of the referee that, if the case is free from any element of contract on the part of the purchaser to pay the apportioned taxes, he is entitled to a return of the money deposited to cover this item. Whatever effect the agreement which he may have entered into has upon the situation, if it has any, can only be determined after the terms of the agreement are found and become facts of record.