## In re KRULL et al.

(District Court, E. D. New York. November 1, 1923.)

**Bankruptcy ⬅11—Court held without jurisdiction to restrain proceeding to oust assignee of bankrupt's lessee.**

Where bankruptcy trustee sold bankrupt's interest in an unexpired lease, the bankruptcy court had no further control of the lease, and did not have jurisdiction to restrain the owners of the premises from prosecuting an action in another tribunal to oust assignees of the lease, even if trustee's contention that, if the assignment were found invalid, he would be compelled to return the money received therefrom, were true.

In Bankruptcy. In the matter of Samuel Krull and Samuel Balbos, individually and as copartners trading as Krull & Balbos. On application of Jacob Friedrich and another for an order restraining Samuel Kopitofsky and another, as owners of certain premises, from prosecuting an action whereby they seek to oust petitioners. Motion denied.

Edward B. Thompson, of Brooklyn, N. Y., for petitioners.
Isidor Block, of New York City, for respondents.
William Austin Moore, of Brooklyn, N. Y., for trustee.

GARVIN, District Judge. This is an application for an order restraining Samuel Kopitofsky and Julius Borowitz, owners of the premises, 106 Manhattan avenue, from prosecuting any action whereby they seek to oust Jacob Friedrich and Abraham Friedrich as tenants thereof.

In April, 1923, an involuntary petition in bankruptcy was filed against the bankrupts above named. In the course of the administration of their estate, on June 30, 1923, the trustee in bankruptcy sold various assets, including the unexpired term of a certain lease, dated October, 1919, between the bankrupts, as tenants, and Morris Miller and Benjamin Miller, as owners, of the premises, 106 Manhattan avenue. The lease began on May 1, 1920, and ran for a term of eight years. On June 20, 1923, the trustee served written notice upon said Morris Miller and Benjamin Miller that he elected to adopt the lease, with all its covenants and conditions. The sale of the assets, including the unexpired term of the lease, was made to Morris Feimer for the sum of $6,500, who thereafter duly assigned his bid to Jacob Friedrich and Abraham Friedrich, the moving parties. The said owners of the premises have transferred the title to said Kopitofsky and Borowitz, who are now seeking to oust Jacob and Abraham Friedrich therefrom.

The petitioners rely upon the case of In re Larkey (D. C.) 214 Fed. 867, as authority for the proposition that this court has jurisdiction to grant the stay sought, but in that case the facts were quite different

from those of the case at bar. In the Larkey Case certain petitioners applied for an order directing that certain premises, belonging to them and leased to the alleged bankrupt, be surrendered, because of alleged breaches of a covenant in the lease.

In the instant case, the trustee has sold the interest of the bankrupts in the unexpired term of a lease. Presumably the purchaser acquired certain rights as a result of his purchase. Those rights he has assigned to the present applicants. The bankruptcy court has no further control over them, and if the title of the applicants is attacked in another tribunal, this court has no jurisdiction to prevent that tribunal from proceeding to an orderly determination of the rights of the parties. The trustee in bankruptcy has appeared, and states that, if the assignment of the lease is invalid, he will be called upon to return the moneys received as a result of the sale of the assets. It is not clear to the court why such a result follows, if there was indeed a sale of all the trustee's right, title, and interest; but, even if this be true, it cannot give the court the right to assert a power which it lacks.

Motion denied.