**In re OAK PARK CLEANERS & DYERS, Inc.**

**HAIGES v. CHATZ.**

**No. 7781.**

Circuit Court of Appeals, Seventh Circuit.

Feb. 6, 1942.

Arthur C. J. Chittick, of Chicago, Ill., for appellant.

John L. Lenihan, of Chicago, Ill., for appellee.

Before EVANS, KERNER, and MINTON, Circuit Judges.

MINTON, Circuit Judge.

The Oak Park Cleaners and Dyers, Incorporated, was adjudged a bankrupt on its voluntary petition. The bankrupt was engaged in the cleaning and dyeing business. One William C. Haiges was president of the company and was employed by the trustee in the operation of the bankrupt's business up to April 19, 1941.

The sale of the bankrupt's assets was set for April 21, 1941. On April 16, 1941, William C. Haiges, his wife and one of the employees of the bankrupt formed a new corporation, called the Haiges Cleaners and Dyers, Inc., and leased premises to open up business as cleaners and dyers within a block and a half of the place where the bankrupt was and had been operating its business. Haiges had stated to the employees of the bankrupt firm that he was opening the new place, and if any of them were ever unemployed they could come to work for him. On the day set for the sale, appellant opened his new place, for which he had on behalf of the new corporation made a lease for five years and contracted for five thousand dollars' worth of equipment. None of the employees of the old bankrupt concern came to work for the bankrupt the day of the sale, and several of them went over to go to work for Haiges and the new corporation.

The assets of the bankrupt were offered for sale and a bid of one thousand dollars was received and rejected as inadequate. The referee on April 21, 1941, at a hearing concerning the acts of Haiges and others in organizing the Haiges Cleaners and Dyers, Inc., and preparing to go in business in competition with the bankrupt and anyone who might purchase the bankrupt's assets, entered an order enjoining the appellant, William C. Haiges, the new corporation, and the other organizers thereof, from interfering with the business of the bankrupt, and requiring the parties enjoined to appear before the District Judge on April 24, 1941, to show cause why they should not be punished for contempt of court.

On April 24, 1941 the court entered against the appellant and the other parties an order enjoining them "from engaging in any business or practice which will interfere with the business of the Oak Park Cleaners and Dyers, Inc., or the administration of the bankrupt estate herein."

As to the appellant, William C. Haiges, the court further ordered that he be "enjoined from working for or being in any way associated with the Haiges Cleaners and Dyers, Inc."

On April 25, 1941, the trustee sold the assets of the bankrupt for four thousand dollars, and the sale was approved and the assets delivered to the purchaser on May 5, 1941.

On June 23, 1941, the court modified the injunction of April 24, by which modification William C. Haiges and the Haiges Cleaners and Dyers, Inc., were permitted to engage in the cleaning and dyeing business "provided that their place of business shall be at least three blocks distant from the place of business formerly occupied by

the bankrupt herein." The parties enjoined obeyed the injunction. A petition to dissolve the injunction was filed by the appellant, William C. Haiges, on June 30, 1941. The court denied the petition to dissolve on July 2, 1941. From this order, the appellant, William C. Haiges, has appealed.

The question presented to us is whether or not the court in bankruptcy has a right permanently to enjoin the former president of a bankrupt corporation and a new corporation he had organized from going into the same kind of business as the bankrupt, within three blocks of the place where the bankrupt formerly did business, after the bankruptcy court had sold and delivered the assets of the bankrupt, including good will.

We do not think the bankruptcy court had any such power. It had the power to enjoin anyone from interfering with the jurisdiction of the court in the orderly administration of the bankrupt estate and its attempt to dispose of the assets of the bankrupt; but when the assets had been sold and delivered to the purchaser, the court, in the absence of some validly assumed obligation to do so, owed no duty to protect the purchaser thereafter.

The injunction should not have extended beyond the necessities of the case. When the assets were sold and delivered to the purchaser, the bankrupt had no business left to be interfered with. The court's right to operate the business could no longer be interfered with. The bankrupt's business and assets were gone. The injunctive process of the court could go no further than the court's duties and its necessities in the lawful exercise of its powers as a bankruptcy court required. When the property was sold and delivered to the purchaser, the bankruptcy court had no power or authority to extend its protection beyond the sale and delivery of the property. Nixon v. Michaels, 8 Cir., 38 F.2d 420—423; In re Krull, D.C., 295 F. 520, 521.

After the sale and delivery of the assets of the bankrupt to the purchaser and the business and assets of the bankrupt had passed beyond the court's control, the former president of the bankrupt clearly had a right to go into the same line of business wherever he chose. He was on no different basis with reference to the purchaser of the bankrupt's assets than any other person would be. As long as he conducted his business according to the standards laid down for other people who conduct their business lawfully, he could not be restrained by the bankruptcy court as to where he should locate his business or what kind of business he should go into. He had the same right as any other businessman would have had to go into business in competition with the purchaser of the bankrupt's assets. Beauchamp v. United States, 9 Cir., 76 F.2d 633, 666, 667; Cruttwell v. Lye, 1810, 17 Ves. 335, 34 Eng. Rep. Full Reprint, 129, 133.

After the sale and delivery of the assets of the bankrupt to the purchaser, the injunction should have been dissolved. Therefore, the motion of the appellant to dissolve made after the sale and transfer of the bankrupt's assets should have been sustained.

The case is reversed and remanded, with instructions to the District Court to sustain the petition to dissolve and to dissolve the injunction.