BLAUSTEIN *v.* AIELLO, Substituted Trustee

[No. 313, September Term, 1961.]

---

*Decided June 18, 1962.*

The cause was argued before BRUNE, C. J., and PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

*Carl W. Berueffy,* with whom were *Robert H. Symonds* and *Albert A. Rapoport* on the brief, for the appellant.

*Howard J. Thomas,* with whom were *J. Douglas Bradshaw* and *Bradshaw & Thomas* on the brief, for the appellee.

HORNEY, J., delivered the opinion of the Court.

This is an appeal from an order of court overruling the exceptions to a foreclosure sale of real estate situated in the Forest Knolls Subdivision [1] in Montgomery County. The sale was made by Caesar L. Aiello (substituted trustee) under a deed of trust from Forest Knolls, Inc. (debtor), to Suburban Trust Company (original trustee) to secure the payment of a debt due Home Federal Savings and Loan Association (creditor). The exceptions were filed by Frank Blaustein (exceptant).

The corporate debtor, which was engaged in the business of developing real estate for residential purposes, executed the deed of trust on the properties in question in September of 1958. But, when an involuntary petition for the reorganization of the debtor corporation was filed in April of 1960, the encumbered property became a part of the estate of the bankrupt corporation.

---

1. The real estate in question is described as Lots Nos. 14, 15, 17 and 18 in Block L of the Subdivision.

Subsequently, in June of 1961, the trustee in the bankruptcy proceeding to reorganize the debtor corporation "was authorized and directed to sell *subject to all liens* [emphasis supplied], all right, title and interest" of the trustee and the estate in bankruptcy in the encumbered property (and certain other properties) by delivering to the exceptant a quitclaim deed for such property. The transaction was completed and the deed was delivered in due course. The record shows that the creditor had knowledge of the transaction because it had subsequently inquired of the exceptant (through his attorney) what disposition of the "first trust lien" he proposed, but apparently the exceptant did not reply.

In August of 1961, the creditor, by a duly executed and recorded deed of appointment, substituted Caesar L. Aiello as trustee in the place and stead of the original trustee, and, on the *ex parte* petition of the creditor, the Circuit Court for Montgomery County ratified and confirmed the substitution. And, while the record is silent as to whether the exceptant had actual notice of the substitution of trustee, it is not controverted that notice of the sale of the encumbered property was duly advertised pursuant to Maryland Rule 1391 e 1 (b), now codified as Rule w74 a 2. The foreclosure sale was held on September 22, 1961.

The exceptant contends: (i) that the foreclosure proceeding, absent an order of the District Court of the United States for the District of Maryland authorizing it, violated § 148 of the Bankruptcy Act and that the sale is therefore null and void; and (ii) that the appointment of a substitute trustee without notice to the exceptant violated his constitutional right to due process.

(i)

In citing § 148 of the Bankruptcy Act (11 U. S. C. A. § 548)—providing in pertinent part that "[u]ntil otherwise ordered * * * an order approving a petition [for reorganization] shall operate as a stay * * * of any act or other proceeding to enforce a lien against the debtor's property"—the claim here, on the theory that the stay provided is self-executing, is that the approval of the reorganization proceeding

had the effect of placing all of the property of the bankrupt debtor under the exclusive jurisdiction of the bankruptcy court and of effectively preventing the enforcement of a lien on such property in a state court unless and until the bankruptcy court passed an order authorizing such action.

While we do not disagree with the correctness of the claim as an abstract proposition of law, we think it is devoid of substance under the circumstances in this case. For here, the property with which we are concerned was clearly not that of the debtor at the time the foreclosure proceeding was instituted by the substituted trustee. This is so because once a sale made by a trustee in bankruptcy is confirmed by an order of the bankruptcy court, the sale becomes complete and whatever interest or estate the bankrupt debtor formerly had in the property passes from the trustee and the estate of the bankrupt to the purchaser. See *Coulter v. Blieden,* 104 F. 2d 29 (8th Cir. 1939), *cert. den.* 308 U. S. 583 (1939). And see *In Re Strunks Lane & Jellico Mountain Coal & Coke Co.,* 64 F. Supp. 731 (D. C. Ky. 1946). Cf. *Crane v. Crane,* 173 N. E. 353 (Ill. 1930). The cases relied on by the exceptant to support his contention that an order of the bankruptcy court was a prerequisite to a valid foreclosure in a state court do not so hold on facts comparable to those in this case.[2]

On the contrary, we think it is clear that the jurisdiction, which the circuit court had over the property in question before it came under the exclusive jurisdiction of the bankruptcy court in the course of the reorganization proceeding, was effectively restored to the circuit court when the bankruptcy

---

2. The holding in *In Re Long Island Properties, Inc.,* 40 F. Supp. 611 (S.D. N.Y.), was merely to the effect that a foreclosure sale in a state court, after the entry of an order in a reorganization proceeding restraining such sale, was void for want of jurisdiction. And the holdings in *Central Hanover Bank & Trust Co. v. Callaway,* 135 F. 2d 592 (5th Cir.), and *Central States Life Ins. Co. v. Koplar Co.,* 80 F. 2d 754 (8th Cir.), were only to the effect that the ending of a stay prohibiting the commencement or continuation of actions against a debtor was within the discretion of the bankruptcy court. None of the three concerned property sold by a bankruptcy trustee subject to a lien.

court, in ordering and confirming the sale to the exceptant, thereby divested itself of any further jurisdiction over the property. See *Beall v. Walker*, 26 W. Va. 741 (1885), where it was held that property sold subject to liens in a bankruptcy court passed out of the jurisdiction of that court, and that the sale had the effect of restoring the authority of the state court to enforce the liens. See also *J. M. West Lumber Co. v. Lyon*, 116 S. W. 652 (Tex. Civ. App. 1909), where it was held that when a bankruptcy court has ordered and confirmed a sale of property under a mortgage, its jurisdiction was at an end and that it could not subsequently order a sale thereof under a purported vendor's lien.

In *Gotkin v. Korn*, 182 F. 2d 380 (D. C. Cir. 1950), where there had been a sale of chattels of a bankrupt by his trustee subject to existing liens and a subsequent action for a declaratory judgment as to the respective rights of the lienor and the purchaser of the chattels sold, the Court of Appeals, in reversing the district court, pointed out (at p. 382) :

> "[T]hat when, as here, the bankruptcy court chooses to sell encumbered property subject to liens, it elects to sell only the bankrupt's equity therein and so, in effect, declines to exercise its exclusive power to deal with the liens, and relegates their holders to the enforcement remedies which would have been available to them, had the lienee's bankruptcy not occurred."

See also *Nixon v. Michaels*, 38 F. 2d 420 (8th Cir. 1930) [third party cannot come into bankruptcy court merely to litigate rights even though property involved may once have been part of bankrupt estate] ; and *In Re Reading Hat Mfg. Co.*, 224 Fed. 786 (E. D. Pa. 1915) [if order of sale does not divest lien, purchaser takes title subject to existing liens, and must pay lien or otherwise arrange with creditor to retain property]. And compare the cases of *Henrie v. Henderson*, 145 Fed. 316 (4th Cir. 1906), and *In Re Oak Park Cleaners and Dyers*, 125 F. 2d 420 (7th Cir. 1942), pointing out that a bankruptcy court has only a limited jurisdiction that should not extend beyond the necessities of the case.

In *In Re Krull,* 295 Fed. 520 (E. D. N. Y. 1923), where a trustee in bankruptcy sold the interest of a bankrupt in the unexpired term of a lease and the title thereto was thereafter attacked in another court by the owners of the premises, the district court pointed out that the bankruptcy court had no further control over the rights sold and could not prevent another tribunal from proceeding to determine the rights of the parties. And cf. *Smith v. Chase National Bank,* 84 F. 2d 608 (8th Cir. 1936).

We hold that the circuit court had jurisdiction to entertain the foreclosure proceeding.

(ii)

Because the notice requirements that are a part of the provisions of Code (1957), Art. 16, § 187,[3] which was in effect at the time the deed of trust was executed, were omitted from the provisions of § 187A (of Art. 16),[4] which became effective after the execution of the deed of trust, the exceptant contends that the appointment of a substitute trustee without notice to him and an opportunity to be heard was a violation of his constitutional right to due process. Such is not the case.

Apparently the claim is that § 187 required that the exceptant (as substituted debtor) should have been given notice, either personally or by publication, of all matters concerning or pertaining to the deed of trust, and that § 187A is invalid because it did not provide a similar provision. But, as we read these sections, neither of them required notice to the debtor under the circumstances in this case. Section 187—which does not in any way concern the issue presently before us—provides for notice to the party who is required to pay the indebtedness only in the event that the trustee is dead; otherwise notice is required to be given only to the trustee sought to be removed. And § 187A, in providing for the filing

3. Section 187 relates to the removal of a trustee (and the appointment of a new one) when the original trustee dies, resigns or fails to act. See also Rule W77 a, b.

4. Section 187A relates to the removal of a trustee (and the appointment of a substitute when a condition in the deed of trust is in default) who fails or neglects to act, or whenever there is any good and sufficient reason for removal. See also Rule W77 c.

of an *ex parte* petition, certainly implies that action may be taken without notice to anyone. In any event, it is provided by Rule W77 c 1 (which supersedes Ch. 466 of the Laws of 1959 that had added § 187A to Art. 16 of the Code)[5] that the procedure set forth in subsection c shall not supersede or nullify the procedure for the removal or substitution of a trustee which is provided for in a deed of trust instrument, regardless of whether the instrument was executed prior or subsequent to the effective date of the rule.

There was no requirement for notice to the debtor. And, under the circumstances in this case, there has been no infringement of any rights of the exceptant. The action taken, all of which was a matter of public record, was in strict compliance with a right or privilege conferred upon the creditor by the terms of the deed of trust and on the authority granted by statute and rule. The exceptant stood in the shoes of the bankrupt debtor, which had agreed to a substitution of trustees at any time without requiring that it be notified thereof. As a general proposition the right to notification may be waived by the person for whose protection it is exactable: it is on this theory that contractual provisions for notification may be waived by the person for whose benefit they might have been included in the contract. 2 *Merrill on Notice,* §§ 875, 876. There was no reason why notifications waivable under this principle should not include one concerning the substitution of trustees in a deed of trust. Cf. *Knapp v. Anderson,* 89 Md. 189, 42 Atl. 933 (1899).

We hold that there was no denial of the exceptant's constitutional right to due process.

Since we find no error in the matters complained of, the order of the lower court, overruling the exceptions and ratifying and confirming the foreclosure sale, will be affirmed.

*Order affirmed; the appellant to pay the costs.*

---

5. In the editor's note to subsection c of Rule W77 it is stated that the main difference between the statute and the rule is that the rule makes the action to be taken *discretionary* with the court while the statute appears to make the removal *mandatory* in all cases.