# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 79

Samantha Schweitzer,                                    Petitioner and Appellant

v.

Blake M. Miller,                                            Respondent and Appellee

## No. 20190157

Appeal from the District Court of Pembina County, Northeast Judicial District, the Honorable Barbara L. Whelan, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Lawrence D. DuBois, Cavalier, ND, and Shawn E. Shearer, Dallas, TX, for petitioner and appellant; submitted on brief.

Lilie A. Schoenack, Jamestown, ND, for respondent and appellee; submitted on brief.

# Schweitzer v. Miller
## No. 20190157

**Crothers, Justice.**

[¶1]   Samantha Schweitzer appeals a district court order dismissing her petition for a child custody order. The court concluded it lacked jurisdiction to decide Schweitzer's petition. We affirm.

I

[¶2]   Schweitzer and Blake Miller have one child together, born in Wisconsin in 2014. Schweitzer had primary custody of the child after the child's birth. On January 6, 2017, Schweitzer and the child moved from Wisconsin to North Dakota. On January 13, 2017, Miller petitioned in Wisconsin for joint custody and parenting time. After an August 2018 hearing, the parties stipulated they would have joint custody of the child and Schweitzer would move to Madison, Wisconsin. The Wisconsin court entered an order on the basis of the parties' stipulation.

[¶3]   In January 2019, Schweitzer petitioned for an emergency child custody order and initial child custody determination or modification of child custody determination in North Dakota. Miller moved to dismiss the petition, arguing the district court did not have subject matter jurisdiction to decide Schweitzer's petition. Miller claimed the Wisconsin court had jurisdiction to decide custody issues relating to the child.

[¶4]   After a February 2019 hearing, the district court granted Miller's motion and dismissed Schweitzer's petition. The court concluded North Dakota was not the child's home state after Miller initiated his custody petition in Wisconsin in January 2017. The court concluded Wisconsin maintained jurisdiction for custody decisions relating to the child.

II

[¶5]   Schweitzer argues the district court erred in dismissing her petition for lack of subject matter jurisdiction. She claims the court erred in concluding Wisconsin was the child's home state on January 13, 2017, when Miller

petitioned for custody in Wisconsin. She argues Wisconsin is not the child's home state because she permanently moved to North Dakota before Miller filed his petition.

[¶6]   We review challenges to a district court's subject matter jurisdiction de novo when the jurisdictional facts are not in dispute. *Schirado v. Foote*, 2010 ND 136, ¶ 7, 785 N.W.2d 235. A party may raise the question of subject matter jurisdiction at any time during the proceeding. *State v. Winegar*, 2017 ND 106, ¶ 6, 893 N.W.2d 741.

[¶7]   We analyze cases involving interstate custody disputes under N.D.C.C. ch. 14-14.1, the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA). *Winegar*, 2017 ND 106, ¶ 9, 893 N.W.2d 741. The state having "jurisdiction to make an initial child custody determination" is the child's "home state." N.D.C.C. § 14-14.1-12(1)(a). "'Home state' means the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding." N.D.C.C. § 14-14.1-01(6).[1] "A period of temporary absence of any of the mentioned persons is part of the period." *Id.*

[¶8]   Section 14-14.1-17, N.D.C.C., addresses simultaneous proceedings under the UCCJEA. Except in an emergency under N.D.C.C. § 14-14.1-15, a court of this state may not exercise its jurisdiction if a child custody proceeding has been commenced in a court of another state having jurisdiction under the UCCJEA, unless the proceeding has been terminated or is stayed by the other state court because this state's court is a more convenient forum. N.D.C.C. § 14-14.1-17(1). If a court in this state determines a child custody proceeding has been commenced in a court in another state having UCCJEA jurisdiction, this state's court "shall stay its proceeding and communicate with the court of the other state." N.D.C.C. § 14-14.1-17(2). If the other state court "does not

---

[1] Wisconsin has also adopted the UCCJEA and its definition of "home state" is nearly identical to N.D.C.C. § 14-14.1-01(6). *See* Wis. Stat. § 822.02(7).

determine that the court of this state is a more appropriate forum, the court of this state shall dismiss the proceeding." *Id.*

[¶9] Under N.D.C.C. § 14-14.1-15(1), a court of this state may exercise temporary emergency jurisdiction if a child in this state "is subjected to or threatened with mistreatment or abuse." If a court in this state is requested to exercise temporary emergency jurisdiction when a child custody proceeding has already been commenced in another state, this state's court must communicate with the other court. N.D.C.C. § 14-14.1-15(4).

[¶10] Before the hearing on Schweitzer's petition, the district court received a letter dated February 5, 2019 from the Wisconsin court. The Wisconsin court indicated the custody case between Schweitzer and Miller had been ongoing since January 2017. The Wisconsin court stated it was contacting the district court as required by the UCCJEA after it became aware of Schweitzer's North Dakota custody petition. *See* Wis. Stat. § 822.24. The letter noted Schweitzer recently filed a motion challenging the Wisconsin court's subject matter jurisdiction. The Wisconsin court stated it had "exclusive and continuing jurisdiction over the custody and placement of [the parties'] child." On February 11, 2019, the Wisconsin court issued an order denying Schweitzer's motion to dismiss for lack of subject matter jurisdiction, concluding "[t]his court retains exclusive and continuing jurisdiction over the custody and placement issues in this action."

[¶11] After a February 2019 hearing which included the Wisconsin court's appearance by telephone, the district court concluded it lacked jurisdiction to decide Schweitzer's custody petition for an initial custody determination. The court found the child had not lived in North Dakota for six consecutive months when Miller commenced his custody proceeding in Wisconsin on January 13, 2017. The court concluded North Dakota was not the child's home state in January 2017.

[¶12] The district court also concluded it lacked jurisdiction to decide Schweitzer's petition for an emergency custody order. The court stated Schweitzer failed to prove in a prior case that Miller abused the child. The

court also noted the parties' Wisconsin stipulation and order stated the parties agreed "[Schweitzer] did not meet her burden to prove her allegations of abuse."

[¶13] Under the definition of "home state" in N.D.C.C. § 14-14.1-01(6) and Wis. Stat. § 822.02(7), Wisconsin was the child's home state on January 13, 2017. The child lived in Wisconsin with Schweitzer from birth until January 6, 2017, a week before Miller filed his Wisconsin petition. Schweitzer asserts she permanently moved to North Dakota on January 6, 2017; however, in response to Miller's petition she admitted that she had resided in Wisconsin for at least six months before Miller filed his petition. The week in North Dakota before Miller filed his petition is a temporary absence under the statute.

[¶14] The district court and the Wisconsin court communicated as required by N.D.C.C. §§ 14-14.1-17(2) and 14-14.1-15(4). The Wisconsin court held that it retained exclusive and continuing jurisdiction over the parties' custody issues. The Wisconsin court did not determine the North Dakota district court was a more appropriate forum. Because Wisconsin is the child's home state under the UCCJEA, and the Wisconsin court did not determine North Dakota was a more appropriate forum, the district court correctly dismissed Schweitzer's custody petition for a lack of jurisdiction.

## III

[¶15] We have considered the parties' remaining arguments and conclude they are without merit or not necessary to our decision. The order is affirmed.

[¶16] Daniel J. Crothers
Gerald W. VandeWalle
Lisa Fair McEvers
Jerod E. Tufte
Jon J. Jensen, C.J.

4