# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 180

Alysha Instasi,                                    Plaintiff and Appellant

v.

Jeremy W. Hiebert,                              Defendant and Appellee

## No. 20200037

Appeal from the District Court of Williams County, Northwest Judicial District, the Honorable Benjamen J. Johnson, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Deanna F. Longtin, Williston, ND, for plaintiff and appellant; submitted on brief.

Jeremy W. Hiebert, defendant and appellee; no appearance.

**McEvers, Justice.**

[¶1]   Alysha Instasi appeals from a district court judgment dismissing her motion to amend a Washington child custody judgment for lack of jurisdiction. We affirm.

I

[¶2]   Instasi and Jeremy Hiebert have two children.   In December 2015, a judgment was entered in Washington relating to residential responsibility, parenting time, and child support.

[¶3]   In July 2018, Instasi moved to amend the Washington judgment in North Dakota district court.   In an affidavit supporting the motion, Instasi stated that she and the children have been living in North Dakota since October 2015.

[¶4]   The district court entered a default judgment after Hiebert failed to respond to Instasi's motion.   In June 2019, Hiebert moved to vacate the default judgment, arguing the North Dakota court lacked jurisdiction to decide Instasi's motion to amend the Washington judgment.   After a hearing, the court vacated the default judgment and dismissed Instasi's motion.   The court concluded it lacked jurisdiction to modify the initial child custody determination made in Washington.

II

[¶5]   Instasi argues the district court erred in dismissing her motion to amend the Washington judgment for lack of jurisdiction.   She claims the court should have held an evidentiary hearing on the jurisdictional issue, and the court should have communicated with the Washington court.

[¶6]   This Court reviews challenges to a district court's subject matter jurisdiction de novo when the jurisdictional facts are not in dispute. *Schweitzer v. Miller*, 2020 ND 79, ¶ 6, 941 N.W.2d 571.   "A party may raise the question of subject matter jurisdiction at any time during the proceeding." *Id.*

[¶7]   Cases involving interstate custody disputes are decided under N.D.C.C. ch. 14-14.1, the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA).  *Schweitzer*, 2020 ND 79, ¶ 7, 941 N.W.2d 571.  Section 14-14.1-14, N.D.C.C., allows a district court to modify another state's child custody determination:

> Except as otherwise provided in section 14-14.1-15, a court of this state may not modify a child custody determination made by a court of another state unless a court of this state has jurisdiction to make an initial determination under subdivision a or b of subsection 1 of section 14-14.1-12 and:
>
> 1. The court of the other state determines it no longer has exclusive, continuing jurisdiction under section 14-14.1-13 or that a court of this state would be a more convenient forum under section 14-14.1-18; or
>
> 2. A court of this state or a court of the other state determines that the child, the child's parents, and any person acting as a parent do not presently reside in the other state.

*See also* N.D.C.C. § 14-14.1-01(10) (A "modification" is defined as "a child custody determination that changes, replaces, supersedes, or is otherwise made after a previous determination concerning the same child, whether or not it is made by the court that made the previous determination.").

[¶8]   Under N.D.C.C. § 14-14.1-01(7), the "'[i]nitial determination' means the first child custody determination concerning a particular child."  The state having "jurisdiction to make an initial child custody determination" is the child's "home state." N.D.C.C. § 14-14.1-12(1)(a).  "'Home state' means the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding."  N.D.C.C. § 14-14.1-01(6).

[¶9]   Here, the findings of fact supporting the Washington judgment explicitly state the court "has jurisdiction over the child[ren]," and "Washington is the only home state of the children."  The Washington court made the initial custody determination relating to the children.  *See* N.D.C.C. § 14-14.1-01(7).

2

Instasi's motion to amend seeks to modify the Washington judgment under N.D.C.C. § 14-14.1-14.

[¶10] In concluding it lacked jurisdiction to decide Instasi's motion to amend, the district court stated, "There has been no determination from a Washington State court that Washington State no longer has exclusive, continuing jurisdiction, nor has a court in Washington State determined that North Dakota would be a more convenient forum." The court concluded, "Under N.D.C.C. § 14-14.1-14, this Court does not have jurisdiction to modify the initial child custody determination made in Washington State."

[¶11] We agree with the district court's analysis. The court concluded it lacked jurisdiction to modify the initial Washington judgment because the requirements of N.D.C.C. § 14-14.1-14 were not satisfied. The Washington court has not determined that it no longer has exclusive, continuing jurisdiction or that North Dakota would be a more convenient forum, and neither North Dakota nor Washington have determined that both parents and the children reside outside of Washington.

[¶12] Instasi argues the district court should have communicated with the Washington court regarding jurisdiction. Communication between courts is allowed under N.D.C.C. § 14-14.1-09(1); however, the communication is discretionary, not required.

[¶13] Under N.D.C.C. § 14-14.1-17, communication between courts is required when there are simultaneous child custody proceedings in different states. When Instasi filed her motion, a separate child custody proceeding was not pending in Washington. Washington had already issued its initial child custody determination. Therefore, no communication was required under N.D.C.C. § 14-14.1-17.

[¶14] Under N.D.C.C. § 14-14.1-14(1), the Washington court has not determined it no longer has exclusive, continuing jurisdiction or that the North Dakota district court would be a more convenient forum. We conclude the court did not err in ruling it lacked jurisdiction to decide Instasi's motion to amend.

3

## III

[¶15] We have considered Instasi's remaining arguments and conclude they are either without merit or not necessary to our decision. The judgment is affirmed.

[¶16] Lisa Fair McEvers
   Daniel J. Crothers
   Jerod E. Tufte
   Gerald W. VandeWalle
   Jon J. Jensen, C.J.