1998 ND 180

**Alex MARAGOS, Plaintiff and Appellant,**

v.

**UNION OIL COMPANY OF CALIFORNIA, Defendant and Appellee,**

Norwest Bank Minnesota, N.A., Flore Properties, Inc., Phillip Armstrong as Trustee of the Chapter 7 Bankruptcy Estate of Kye Trout, Jr., Case No. 87–05075, and all other persons unknown claiming any estate or interest in, or lien or encumbrance upon, the property described in the Complaint, Defendants.

Civil No. 980046.

Supreme Court of North Dakota.

Oct. 1, 1998.

---

John Skowronek, of Lamont & Skowronek, Minot, for plaintiff and appellant.

Gary R. Wolberg, of Fleck, Mather & Strutz, Bismarck, for defendant and appellee.

MARING, Justice.

[¶ 1] Alex Maragos appealed from a judgment dismissing his action against Union Oil Company of California (Unocal) for slander of title. We conclude Maragos failed to prove special damages, a requisite element of slander of title, and we affirm the judgment.

[¶ 2] Only a brief recitation of facts is necessary for resolution of this appeal.[1] In 1988, Maragos received a lease on certain oil and gas rights from Edwin and Mildred Feland. In January 1990, Unocal recorded a bill of sale and conveyance of the oil and gas rights on the property, and an affidavit of production purporting to hold the oil and gas rights by production.

[¶ 3] Maragos brought this action in 1990, alleging Unocal's actions slandered his title.[2] The case was tried to the court, and judgment was entered dismissing Maragos's claims against Unocal on December 3, 1997. Maragos appealed.

[¶ 4] The dispositive issue on appeal is whether Maragos proved special damages sufficient to sustain an action for slander of title. This Court has defined slander of title as "a false and malicious statement, oral or written, made in disparagement of a person's title to real or personal property, and causing him special damage." *Briggs v. Coykendall,* 57 N.D. 785, 788, 224 N.W. 202, 204 (1929).

1. The complex factual background and procedural history of this case and related litigation is set out in greater detail in *Aho v. Maragos,* 1998 ND 107, 579 N.W.2d 165, and *Maragos v. Norwest Bank Minnesota, N.A.,* 507 N.W.2d 562 (N.D. 1993).

2. The original action included other claims against Unocal and other defendants. All claims against other parties were resolved before trial of this matter in 1997. The judgment here also dismissed Maragos's claims against Unocal for abuse of process, breach of the duty of good faith and fair dealing, and tortious interference with a contractual relationship. Maragos does not challenge dismissal of those claims on appeal.

The plaintiff must demonstrate the defendant acted with malice, intending to injure, vex, or annoy the plaintiff. *Serhienko v. Kiker*, 392 N.W.2d 808, 815 (N.D.1986); *Briggs*, 57 N.D. at 789–90, 224 N.W. at 204–05.

[¶ 5] It has long been the law of this state that, in order to sustain an action for slander of title, the plaintiff must prove special damages. *Briggs*, 57 N.D. at 792–93, 224 N.W. at 206. This Court has recognized that a specific lost sale is the best proof of special damages. *See Briggs*, 57 N.D. at 792–93, 224 N.W. at 206. There is a split of authority among other jurisdictions whether proof of a specific lost sale is required to prove special damages. *See* James O. Pearson, Jr., Annotation, *What Constitutes Special Damages in Action for Slander of Title*, 4 A.L.R.4th 532 (1981), and cases collected therein. We need not determine whether proof of a specific lost sale is required, because we conclude Maragos failed to prove special damages under any applicable standard.

[¶ 6] Special damages must be specifically pled, and must be "proved to a reasonable degree of certainty" and "are not recoverable if deemed to be too remote." *Johnson v. Monsanto Co.*, 303 N.W.2d 86, 93 (N.D. 1981); *see also* N.D.R.Civ.P. 9(g); *Bumann v. Maurer*, 203 N.W.2d 434, 440–41 (N.D. 1972). In slander of title cases, "[t]he chief characteristic of special damages is a realized loss." W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 128, at 971 n. 3 (5th ed.1984). Thus, "the trier of fact must be furnished data sufficient to determine damages without resort to mere speculation or conjecture." *Johnson*, 303 N.W.2d at 95.

[¶ 7] The only item of special damages raised in Maragos's pleadings and argued on appeal is his assertion he had entered into a "drilling agreement" with Cody Oil and Gas Corporation. He claims a letter he received from Cody constituted a valid agreement to drill and carry him to casing. However, testimony at trial, and the letter from Cody itself, demonstrate there was never a formal agreement. The letter states "[t]he foregoing sets forth only our interest in obtaining your lease," and indicates further negotiations would be necessary to reach an agreement. The trial court expressly found there was no agreement, and the letter was merely "an expression of interest" by Cody. That finding is supported by the evidence and is not clearly erroneous.

[¶ 8] The alleged "agreement" with Cody does not demonstrate loss of a particular sale or lease, nor does it show that Maragos suffered a "realized loss." The letter from Cody evidences only a very generalized expression of interest, insufficient to show the requisite degree of certainty or proximity of loss required. *See Johnson*, 303 N.W.2d at 95. On this evidence, the trier of fact would have been left to pure speculation about the actual existence or amount of realized losses caused by Unocal's alleged slander of Maragos's title. Maragos has alleged no other items of special damages, and therefore has failed to prove a necessary element of his claim for slander of title.

[¶ 9] Our resolution of this issue makes it unnecessary to address the other issues raised by Maragos. The judgment dismissing Maragos's claims against Unocal is affirmed.

[¶ 10] VANDE WALLE, C.J., MARING, MESCHKE, and SANDSTROM, JJ., and RICHARD W. GROSZ, District Judge, concur.

[¶ 11] RICHARD W. GROSZ, District Judge, sitting in place of NEUMANN, J., disqualified.