2013 ND 117

**ALLIANCE PIPELINE L.P., a Delaware limited partnership, Plaintiff and Appellee**

v.

**Leonard SMITH and Ione Smith, Defendants and Appellants.**

**No. 20120367.**

Supreme Court of North Dakota.

July 18, 2013.

Michael D. Schoepf (argued) and Lawrence Bender (on brief), Bismarck, N.D., for plaintiff and appellee.

Robert S. Rau, Minot, N.D., for defendants and appellants.

KAPSNER, Justice.

[¶ 1] Leonard and Ione Smith appeal from an order denying their motion for supplemental findings or for reconsideration of an order granting Alliance Pipeline's petition under N.D.C.C. § 32–15–06 to enter the Smiths' land for examinations and surveys. We conclude the district court did not abuse its discretion in denying their motion. We affirm.

I

[¶ 2] On April 13, 2012, Alliance served the Smiths with a summons, petition, and supporting documents under N.D.C.C. § 32–15–06 to enter their farmland in Renville County, alleging Alliance needed to make preliminary examinations and surveys necessary for federal regulatory approval to construct a proposed seventy-nine mile natural gas pipeline project from a processing facility near Tioga to Alliance's pipeline system near Sherwood. Alliance asserted it was required to obtain a certificate of public convenience and necessity from the Federal Energy Regulatory Commission before constructing the pipeline project, which required various field surveys of the proposed pipeline route to gather information required to assess the suitability of that route. Alliance stated it had received permission to enter land to conduct necessary surveys from more than ninety percent of the affected landowners, but the Smiths refused to allow access to their land. Alliance claimed it needed access to the Smiths' land to complete the field surveys required as part of the process for obtaining the certificate of public convenience and necessity and, upon issu-ance of that certificate by the Commission, Alliance would have the power of eminent domain to acquire a right of way for the project under 15 U.S.C. § 717f(h). Alliance asserted because it was in the category of persons authorized by law to seek eminent domain, it was entitled to a court order permitting entry on the Smiths' land to conduct the examinations and surveys under N.D.C.C. § 32–15–06 and *Square Butte Elec. Coop. v. Dohn,* 219 N.W.2d 877 (N.D.1974).

[¶ 3] Alliance thereafter obtained a time for a hearing, and on April 20, 2012, Alliance mailed the Smiths a notice of hearing on the petition to enter their land, which stated the hearing was scheduled for May 8, 2012. On May 1, the Smiths responded with a request to deny Alliance's application, claiming Alliance did not have authority to enter their land to conduct surveys and seeking attorney fees under N.D.C.C. § 32–15–32 for all proceedings. Alliance replied on May 4, and after the evidentiary hearing, the district court issued a May 15, order deciding it had jurisdiction under N.D.C.C. §§ 27–05–06 and 32–15–06 and Alliance was within the category of persons entitled to use eminent domain to acquire property for a public use for the pipeline project and was authorized to enter the Smiths' land to conduct pre-condemnation examinations and surveys, subject to certain conditions and a $50,000 bond to compensate the Smiths for injuries resulting from Alliance's negligence, wantonness, or malice in conducting the surveys.

[¶ 4] The district court's May 15, 2012, order was filed on May 16, and Alliance mailed a notice of entry of the order to the Smiths on May 18. In a motion dated June 15, 2012, the Smiths sought supplemental findings or reconsideration under

N.D.R.Civ.P. 52(b) and N.D.R.Civ.P. 59 and 60. The Smiths mailed their motion to Alliance on June 15, 2012, and the motion was stamped "filed" in the district court on June 19, 2012.

[¶ 5] The district court thereafter issued a July 30, 2012, order denying the Smiths' motion for reconsideration. The court concluded the Smiths' condemnation arguments were not applicable to the proceeding for preliminary examinations and surveys, the Smiths failed to demonstrate they were entitled to attorney fees, the Smiths' request for a jurisdictional ruling about a future condemnation action was premature, the Smiths' request for additional limitations on Alliance's access to the property was moot because the surveys had been completed, and the Smiths failed to demonstrate the findings should be altered or omitted. The Smiths appealed from the July 30, order denying their motion.

## II

■ [¶ 6] The Smiths have moved to strike or to "recast" Alliance's appellate brief. They claim Alliance's brief "contains matters and reference to matters not in the record," including subsequent federal regulatory proceedings before the Federal Energy Regulatory Commission for approval of the pipeline project, federal judicial condemnation proceedings by Alliance against the Smiths, and North Dakota district court proceedings under N.D.C.C. § 32–15–06 involving other parties.

■ [¶ 7] The subsequent federal proceedings provide context for Alliance's mootness claim, which the parties have an obligation to advise this Court about under N.D.R.App.P. 42(c). Alliance cited several other North Dakota district court proceedings brought under N.D.C.C. § 32–15–06 in its district court reply brief in support

of its petition to enter the Smiths' land. A court may take notice of those other legal proceedings as legislative facts because they have relevance to legal reasoning in the formulation of a legal principle for a judicial ruling. *See City of Bismarck v. McCormick*, 2012 ND 53, ¶ 12, 813 N.W.2d 599 (explaining difference under N.D.R.Ev. 201 between judicial notice of "adjudicative facts" that are normally subject to proof by formal introduction of evidence and "legislative facts" that aid the court in the interpretation and application of law and policy and may be freely noticed by the court outside the procedure required by N.D.R.Ev. 201). Moreover, those other administrative and judicial proceedings have only limited relevance to the propriety of the examinations and surveys authorized in this case. We deny the Smiths' motion to strike or "recast" Alliance's appellate brief.

## III

[¶ 8] The Smiths appealed "from the whole of the Order Denying [the Smiths'] Motion for Supplemental Findings or Reconsideration dated July 30, 2012," and they have not appealed from the district court's May 15, 2012, order permitting Alliance to enter their land for examinations and surveys. The Smiths' motion for supplemental findings or reconsideration cited N.D.R.Civ.P. 52(b), N.D.R.Civ.P. 59, and N.D.R.Civ.P. 60.

[¶ 9] We have held an order on a motion brought under N.D.R.Civ.P. 52(b) is not appealable. *Lang v. Lang*, 1997 ND 17, ¶ 6, 558 N.W.2d 859. To the extent the Smiths moved for amended or additional findings under N.D.R.Civ.P. 52(b), the district court's order denying their motion is not appealable.

[¶ 10] The Smiths' motion for reconsideration also cited N.D.R.Civ.P. 59 and N.D.R.Civ.P. 60. We have said motions

for reconsideration may be treated like motions to alter or amend judgments under N.D.R.Civ.P. 59(j), or for relief from a judgment under N.D.R.Civ.P. 60(b). *Waslaski v. State*, 2013 ND 70, ¶ 7, 830 N.W.2d 228; *Dvorak v. Dvorak*, 2001 ND 178, ¶ 9, 635 N.W.2d 135; *Woodworth v. Chillemi*, 1999 ND 43, ¶ 7, 590 N.W.2d 446. We have exercised our appellate jurisdiction to review orders denying timely motions under N.D.R.Civ.P. 59(j) and 60(b) if the order is clearly intended to be final. *See Waslaski*, at ¶ 7; *Dvorak*, at ¶¶ 9–13; *Woodworth*, at ¶¶ 7–8; *Austin v. Towne*, 1997 ND 59, ¶¶ 7–8, 560 N.W.2d 895. *See also* N.D.C.C. § 28–27–02 (authorizing appeals from enumerated orders).

[¶ 11] Here, the Smiths have not appealed from the district court's May 15, 2012, order. However, the order denying the Smiths' subsequent motion was a final determination of their claims and is appealable. *See Waslaski*, 2013 ND 70, ¶ 7, 830 N.W.2d 228. We nevertheless must consider whether their motion for reconsideration of the May 15, order was timely under either N.D.R.Civ.P. 59(j) or N.D.R.Civ.P. 60(b). *See Waslaski*, at ¶¶ 8–9.

[¶ 12] A motion under N.D.R.Civ.P. 59(j) must be served and filed no later than 28 days after notice of entry of the judgment. Here, Alliance mailed a notice of entry of the May 15, 2012, order to the Smiths on May 18, which, after adding three days for service by mail under N.D.R.Civ.P. 6(e), required the Smiths' motion for reconsideration to be served and filed by June 18, 2012. The Smiths' motion was mailed to Alliance on June 15, 2012, but was stamped "filed" with the court on June 19, 2012. The Smiths' motion was not served and filed no later than 28 days after notice of entry of the May 15, order and was not timely. Under N.D.R.Civ.P. 6(b)(2), a district court cannot extend the time to act under N.D.R.Civ.P. 59(j), and we presume to the extent the Smiths intended their motion to be considered under N.D.R.Civ.P. 59(j), it was denied by the district court as untimely. *See Waslaski*, 2013 ND 70, ¶ 8, 830 N.W.2d 228.

[¶ 13] Although the Smiths have not explicitly identified a subdivision of N.D.R.Civ.P. 60(b) applicable to their claims, N.D.R.Civ.P. 60(b) authorizes relief if the motion is made within a reasonable time or, for N.D.R.Civ.P. 60(b)(1), (2) or (3), no more than a year after notice of entry of the order. N.D.R.Civ.P. 60(c)(1). To the extent the Smiths' motion was made under N.D.R.Civ.P. 60(b), the motion was timely for purposes of consideration by the district court. *See Waslaski*, 2013 ND 70, ¶ 9, 830 N.W.2d 228. We therefore consider the Smiths' arguments on appeal in the context of a motion under N.D.R.Civ.P. 60(b), which, as relevant to the Smiths' claims, authorizes relief if the judgment is void or for any other reason justifying relief. N.D.R.Civ.P. 60(b)(4) and (6). A district court's denial of a motion for reconsideration under N.D.R.Civ.P. 60(b) is reviewed under the abuse-of-discretion standard. *Waslaski*, at ¶ 10. A district court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, if its decision is not the product of a rational mental process leading to a reasoned determination, or if it misinterprets or misapplies the law. *Woodworth*, 1999 ND 43, ¶ 7, 590 N.W.2d 446.

IV

[¶ 14] The Smiths' arguments raise issues about the procedure for obtaining a court order permitting entry on land for examinations and surveys under N.D.C.C. § 32–15–06, which is part of our statutory

law dealing with eminent domain and provides:

> In all cases when land is required for public use, the person or corporation, or the person's or corporation's agents, in charge of such use may survey and locate the same, but it must be located in the manner which will be compatible with the greatest public benefit and the least private injury and subject to the provisions of section 32–15–21. Whoever is in charge of such public use may enter upon the land and make examinations, surveys, and maps thereof, and such entry constitutes no claim for relief in favor of the owner of the land except for injuries resulting from negligence, wantonness, or malice.

[¶ 15] In *Dohn*, 219 N.W.2d at 883–84, this Court discussed the requirements for obtaining a court order permitting entry on land for examinations and surveys in the context of a motion brought by a potential condemnor, Square Butte Electric Cooperative:

> We are inclined to agree with Square Butte that to require it to prove, prior to permitting it to survey and test Mr. Hilken's land, that his land would constitute a route most compatible with the greatest public benefit and the least private injury would be to require it to act prior to the ascertainment of the knowledge necessary to establish such a fact, and might also result in a useless act in the event that after survey and testing a decision were made not to traverse this land.
>
> We are, accordingly, of the view that Square Butte made a sufficient showing through its affidavit to secure authorization to traverse Hilken's land for the purposes of survey and limited testing, and that the conditions imposed by the trial court should adequately protect Mr.

Hilken in the event that any damage is done to his property.

For the purposes of entering the land for survey and limited testing, it is our view that Square Butte is required to show only that it was in the category of persons entitled to seek eminent domain, and that it was not required to prove that at that stage of the proceedings eminent domain was proper, justified, and necessary.

This conclusion is consistent with the view taken by the Court of Appeals of New York when it held the trial court and the appellate division in error when they required a showing by a pipe-line corporation on its application for a permit to enter private property for a survey that it sought to take the property for a public use. The Court of Appeals said the lower courts erred in requiring the petitioner to prematurely establish that its line will serve a public use. See *Northville Dock Pipe Line Corp. v. Fanning*, 21 N.Y.2d 616, 289 N.Y.S.2d 963, 237 N.E.2d 220 at 222 (1968).

This Court's decision in *Dohn*, at 883, makes clear that a proceeding for a court order authorizing examinations and surveys under N.D.C.C. § 32–15–06 is "preliminary to the condemnation action itself" and is not a condemnation proceeding.

[¶ 16] In *Minnkota Power Coop., Inc. v. Anderson*, 2012 ND 105, ¶¶ 14–16, 817 N.W.2d 325, in the context of an electric cooperative's petitions to access landowners' properties for examinations and surveys under N.D.C.C. § 32–15–06, we recently concluded a Minnesota electric cooperative authorized to do business in North Dakota as a foreign electric cooperative was in the category of persons entitled to use the power of eminent domain under North Dakota law and could enter the landowners'

properties for examinations and surveys under that statute.

### A

[¶ 17] The Smiths argue "the Trial Court lacked jurisdiction in this matter." They claim Alliance's summons "is void, as it fails to meet the requirements necessary to invoke the power of the Court and it misinforms" them. They argue the summons does not meet the requirements of N.D.R.Civ.P. 4(c) because it does not include a statement identifying the court and venue, a title specifying the parties, and a designated time to appear and defend as well as the consequences of failing to appear and defend. They argue "the Court lacked jurisdiction over the persons and subject matter." They also argue the procedure used in this case deprived them of due process and a meaningful opportunity to be heard.

■ [¶ 18] To issue a valid order, a district court must have both subject-matter jurisdiction and personal jurisdiction over the parties. *Albrecht v. Metro Area Ambulance,* 1998 ND 132, ¶ 10, 580 N.W.2d 583; *Larson v. Dunn,* 474 N.W.2d 34, 38 (N.D.1991). A judgment is void if the court lacked subject matter jurisdiction over the action or if the court lacked personal jurisdiction over the parties. *First Western Bank & Trust v. Wickman,* 527 N.W.2d 278, 279 (N.D.1995). *See* N.D.R.Civ.P. 60(b)(4) (authorizing relief from judgment or order if judgment is void). Subject-matter jurisdiction refers to the court's power to hear and determine the general subject involved in the action, while personal jurisdiction refers to the court's power over a party. *Albrecht,* at ¶ 10; *Larson,* at 38. A court has subject-matter jurisdiction over a proceeding if the constitution and laws authorize the court to hear that type of proceeding. *Larson,* at 38. A court has personal jurisdiction

over a party if the party has reasonable notice that an action has been brought and sufficient connection with the forum state to make it fair to require defense of the action in the state. *Larson,* at 38–39; *Smith v. Smith,* 459 N.W.2d 785, 789 (N.D. 1990). Generally, personal jurisdiction over a party is acquired by service of process in compliance with N.D.R.Civ.P. 4. *Larson,* at 39. *See Wallwork Lease & Rental Co. v. Schermerhorn,* 398 N.W.2d 127, 129 (N.D.1986). A party may waive issues about personal jurisdiction, but subject-matter jurisdiction cannot be conferred by agreement, consent, or waiver. *Albrecht,* at ¶ 10.

■ [¶ 19] To the extent the Smiths raise issues on appeal about subject-matter jurisdiction, N.D.C.C. § 32–15–06, authorizes an entity in charge of a public use to enter upon another's land and make examinations and surveys in contemplation of condemnation for a public use. *See Dohn,* 219 N.W.2d at 883. However, the statute does not describe a procedure to enforce that statutory right if the landowner objects to entry upon the land. Under N.D.C.C. § 27–05–06, a district court has subject-matter jurisdiction to hear and determine all civil proceedings and all powers necessary to the full and complete jurisdiction of the causes and the parties and full and complete administration of justice. Those provisions for a district court's jurisdiction coupled with an entity's authority to enter land for examinations and surveys in N.D.C.C. § 32–15–06 provide a district court with subject-matter jurisdiction to issue an order permitting entry on land for that purpose. *See* N.D.C.C. ch. 32–06 (statutory provisions for district court to issue injunction). *See also* Peter G. Guthrie, Annotation, *Eminent Domain: Right to Enter Land For Preliminary Survey or Examination,* 29 A.L.R.3d 1104, § 10 (1970) (discussing in-

junctive remedies to enforce right to enter land for surveys and to prevent body having power of eminent domain from abusing right). We conclude the district court had subject-matter jurisdiction to resolve Alliance's petition and the court did not abuse its discretion in denying the Smiths' motion for reconsideration on that ground.

■ [¶ 20] Although the Smiths raised an issue about the content of the summons at the May 2012, hearing on Alliance's petition, they did not raise an issue about N.D.R.Civ.P. 4(c) in their subsequent motion for supplemental findings or for reconsideration, which resulted in the order they appealed from. Rather, at the hearing on their motion for reconsideration, counsel for the Smiths stated that he believed the summons was inaccurate, but he had "not re-raised that point at this point." To the extent the Smiths raise issues on appeal about N.D.R.Civ.P. 4(c), which involve personal jurisdiction arguments that may be waived and were not raised in their motion for reconsideration, we conclude those issues are not properly before us.

■ [¶ 21] To the extent the Smiths raise other issues on appeal regarding the scope of the district court's order authorizing Alliance to enter the Smiths' land and the claimed hypothetical and speculative nature of the court's findings, the district court said the Smiths' request was moot because Alliance had completed the surveys. Courts will not issue advisory opinions and will dismiss an appeal as moot if no actual controversy is left to be determined. *In re E.T.*, 2000 ND 174, ¶ 5, 617 N.W.2d 470. No actual controversy exists if events have occurred which make it impossible to provide relief, or when the lapse of time has made the issue moot. *In re W.O.*, 2004 ND 8, ¶ 10, 673 N.W.2d 264. Courts will determine a moot issue rather than dismiss an appeal,

however, if the controversy is one of great public interest and involves the authority and power of public officials, or if the matter is capable of repetition, yet evading review. *Id.* at ¶ 11. On the record in this case, we conclude the district court did not abuse its discretion in determining the Smiths' claims were moot and in denying their motion for reconsideration under N.D.R.Civ.P. 60(b).

## V

■ [¶ 22] The Smiths argue they nevertheless are entitled to attorney fees under N.D.C.C. § 32–15–32, which says "[t]he court may in its discretion award to the defendant reasonable actual or statutory costs or both, which may include interest from the time of taking except interest on the amount of a deposit which is available for withdrawal without prejudice to right of appeal, costs on appeal, and reasonable attorney fees for all judicial proceedings." The Smiths argue no language in N.D.C.C. § 32–15–06 prevents an award of attorney fees to them for any judicial proceedings involving Alliance's petition.

■ [¶ 23] A district court has discretion to award attorney fees under N.D.C.C. § 32–15–32, and we will not set aside a court's determination on attorney fees absent an abuse of discretion. *City of Devils Lake v. Davis*, 480 N.W.2d 720, 726 (N.D.1992). In the context of denying the Smiths' motion for supplemental findings or for reconsideration, the district court denied them attorney fees:

[The Smiths] are not entitled to attorney fees under Section 32–15–32 of the North Dakota Century Code because this is not a condemnation action brought pursuant to the statute. Moreover, even if Section 32–15–32 were applicable to preliminary proceedings seeking access for entry for survey, the

Smiths have not demonstrated they are entitled to attorney fees based on the discretionary factors set forth in *Morton County Board of Park Commissioners v. Wetsch,* 136 N.W.2d 158, 159 (N.D. 1965). The Smiths opposed Alliance's right to entry even though the applicable statute clearly provides such a right in this circumstance.

[¶ 24] In *Morton County Bd. of Park Comm'rs v. Wetsch,* 136 N.W.2d 158, 159 (N.D.1965), this Court described factors for consideration in awarding reasonable attorney fees in eminent domain cases, including "the character of the services rendered by the attorney, the results which the attorney obtained for his client, the customary fee charged for such services, and the ability and the skill of the attorney rendering the services." Assuming a court may award attorney fees for judicial proceedings seeking an order permitting entry on another's land for examinations and surveys under N.D.C.C. § 32–15–06, we conclude the court did not abuse its discretion in applying the factors from *Wetsch* to this case and in denying the Smiths' request for attorney fees.

## VI

[¶ 25] We need not address any other arguments raised by the Smiths because they are either unnecessary to the decision or are without merit. We conclude the district court did not abuse its discretion in denying the Smiths' motion for reconsideration, and we affirm the order.

[¶ 26] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.