# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 62

Great Plains Royalty Corporation,
a North Dakota Corporation,

Plaintiff, Appellee,
and Cross-Appellant

v.

Earl Schwartz Company, a North Dakota
partnership, Basin Minerals, LLC, a North
Dakota limited liability company, and
Kay Schwartz York, Kathy Schwartz Mau, and
Kara Schwartz Johnson, as the Co-Personal
Representatives of the Estate of
Earl N. Schwartz, SunBehm Gas, Inc., a
North Dakota corporation,

Defendants, Appellants,
and Cross-Appellees

## No. 20200133

Appeal from the District Court of McKenzie County, Northwest Judicial
District, the Honorable Daniel S. El-Dweek, Judge.

AFFIRMED IN PART, VACATED IN PART, REVERSED IN PART, AND
REMANDED.

Opinion of the Court by McEvers, Justice.

James J. Coles, Bismarck, ND, for plaintiff, appelleee, and cross-appellant;
submitted on brief.

Lawrence Bender and Spencer D. Ptacek, Bismarck, ND, for defendants,
appellants, and cross-appellees Earl Schwartz Company, a North Dakota
partnership, Basin Minerals, LLC, a North Dakota limited liability company,
and Kay Schwartz York, Kathy Schwartz Mau, and Kara Schwartz Johnson,
as the Co-Personal Representatives of the Estate of Earl N. Schwartz;
submitted on brief.

Jon Bogner and Jordan L. Selinger, Dickinson, ND, for SunBehm Gas, Inc., a North Dakota corporation; submitted on brief.

**McEvers, Justice.**

[¶1]  Earl Schwartz Company; Basin Minerals, LLC; Kay Schwartz York, Kathy Schwartz Mau, and Kara Schwartz Johnson, as the co-personal representatives of the Estate of Earl N. Schwartz  (together "ESCO") and SunBehm Gas, Inc. ("SunBehm") appeal from a judgment quieting title to oil and gas interests in Great Plains Royalty Corporation ("Great Plains").  Great Plains cross appeals arguing the district court erred when it denied its claims for damages.  We affirm in part, vacate in part, reverse in part, and remand.

I

[¶2]  We provided the background of the case in *Great Plains Royalty Corp. v. Earl Schwartz Co.*, 2019 ND 124, 927 N.W.2d 880 ("*Great Plains I*").  We repeat the history of the dispute here only as pertinent to the issues raised in the present appeal.

[¶3]  Great Plains' creditors filed an involuntary petition for bankruptcy under Chapter 11 of the Bankruptcy Code in 1968.  The case was converted to a Chapter 7 liquidation proceeding.  The bankruptcy trustee prepared an inventory and published a notice of sale that listed various assets, including oil and gas interests.  Earl Schwartz was the highest bidder.

[¶4]  The bankruptcy court issued an order confirming "the sale of all of the assets of the bankrupt corporation to Earl Schwartz."  The order also noted that Schwartz had entered into an agreement with SunBehm to sell certain interests described in the notice, and the order approved the transfer of those interests directly from the bankruptcy estate to SunBehm.  The bankruptcy court later issued an amended order confirming "the sale of all of the assets of the bankrupt corporation included in the Notice of Sale to Earl Schwartz."

[¶5]  It is undisputed that there is no valid instrument of conveyance from the bankruptcy trustee to either ESCO or SunBehm concerning the interests now in dispute.  It is also undisputed that Great Plains owned other interests that

1

were not identified in the inventory or notice of sale. The bankruptcy case was closed in 1974. Great Plains' creditors were not initially paid in full.

[¶6] The bankruptcy case was reopened in 2013, Great Plains' creditors were paid in full with interest, and adversary proceedings were brought to determine ownership of various oil and gas interests. ESCO was a party to the proceedings. It argued the bankruptcy sale transferred all of the interests owned by Great Plains, regardless of whether they were listed in the notice of sale. The bankruptcy court rejected ESCO's argument and determined title to various properties that are not the subject of the present appeal.

[¶7] In 2016, Great Plains brought this quiet title action against ESCO and SunBehm. Great Plains also brought claims for slander of title and conversion of royalty proceeds. ESCO and SunBehm brought quiet title cross claims. The district court held a bench trial and found the bankruptcy trustee intended to sell "100%" of all of the oil and gas interests Great Plains owned at the time of the bankruptcy.

[¶8] We reversed the district court's judgment in *Great Plains I*. We held the district court erred when it determined the bankruptcy trustee intended to sell all of Great Plains' interests, including those not listed in the notice of sale. *Great Plains I*, 2019 ND 124, ¶ 38. We concluded ESCO, as a party to the bankruptcy proceedings, was bound by the bankruptcy court's determination as to the trustee's intent under the doctrine of collateral estoppel. *Id*. at ¶ 21. We also held the evidence presented at the bench trial did not support a finding that the bankruptcy trustee intended to sell assets not identified in the notice of sale. *Id*. at ¶ 38. We remanded the case "for further proceedings to determine the parties' claims and ownership of the properties consistent with this opinion." *Id*. at ¶ 46.

[¶9] On remand, ESCO and SunBehm claimed they hold equitable title to oil and gas interests in various tracts that were identified in the notice of sale. These interests (the "Disputed Interests") are the focus of the present appeal. ESCO and SunBehm asserted the Disputed Interests were identified in the notice of sale, which was confirmed by the bankruptcy court. They argued the

bankruptcy order confirming the sale operated to vest them with ownership. The district court rejected their arguments and quieted title in Great Plains based on the absence of conveying instruments from the bankruptcy trustee. The court also rejected Great Plains claims to damages for slander of title and conversion.

## II

[¶10] ESCO and SunBehm appeal arguing the district court's quiet title determination is erroneous. Great Plains cross appeals arguing the court erred when it denied Great Plains' claims for damages for slander of title and conversion. Our standard of review for appeals from a bench trial is as follows:

> In an appeal from a bench trial, the district court's findings of fact are reviewed under the clearly erroneous standard of review, and its conclusions of law are fully reviewable. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after reviewing all of the evidence, this Court is convinced a mistake has been made. In a bench trial, the district court is the determiner of credibility issues and we will not second-guess the district court on its credibility determinations. Findings of the trial court are presumptively correct.

*McCarvel v. Perhus*, 2020 ND 267, ¶ 9, 952 N.W.2d 86 (quoting *Larson v. Tonneson*, 2019 ND 230, ¶ 10, 933 N.W.2d 84).

## III

[¶11] ESCO and SunBehm argue Great Plains is precluded from claiming ownership of the Disputed Interests because it did not adequately identify and list its interests in the bankruptcy proceedings. Although these arguments were not made to the district court, SunBehm claims they may be advanced at any time because they implicate Great Plains' standing and our subject matter jurisdiction.

[¶12] Issues involving subject matter jurisdiction may be raised at any time. *Instasi v. Hiebert*, 2020 ND 180, ¶ 6, 948 N.W.2d 25. For us to exercise our

appellate jurisdiction, there must be an actual and justiciable controversy. *Johnston Land Co., L.L.C. v. Sorenson*, 2018 ND 183, ¶ 7, 915 N.W.2d 664. "Standing is the concept used to determine if a party is sufficiently affected so as to insure that a justiciable controversy is presented to the court." *Schmidt v. City of Minot*, 2016 ND 175, ¶ 13, 883 N.W.2d 909 (internal quotations omitted) (quoting *Whitecalfe v. N.D. Dep't of Transp.*, 2007 ND 32, ¶ 15, 727 N.W.2d 779). Standing analysis requires us to determine whether a plaintiff has suffered a threatened or actual injury and whether a plaintiff is asserting his or her own rights. *Nodak Mut. Ins. Co. v. Ward Cty. Farm Bureau*, 2004 ND 60, ¶ 11, 676 N.W.2d 752. Whether standing exists is a question of law. *Flatt v. Kantak*, 2004 ND 173, ¶ 38, 687 N.W.2d 208.

[¶13] SunBehm claims Great Plains lacks standing to claim ownership of the Disputed Interests based on a bankruptcy rule that precludes a bankrupt debtor from evading creditors by failing to disclose assets. *See Moore v. Slonim*, 426 F.Supp. 524, 527-28 (D. Conn. 1977) (bankrupt debtor cannot assert title to property after withholding knowledge of the property and omitting it from the schedule of assets). ESCO argues Great Plains is barred from claiming ownership of the Disputed Interests based on judicial estoppel, which is an equitable doctrine that precludes parties from taking inconsistent or contradictory legal positions in the same or successive litigation. *See In re Estate of Lindvig*, 2020 ND 236, ¶ 20, 951 N.W.2d 214. Neither argument asserts the absence of an injury to Great Plains. Nor do the arguments assert the absence of a justiciable controversy. They therefore do not implicate jurisdictional standing. Because the arguments do not involve our jurisdiction and they were presented for the first time on appeal, we will not address them. *See Grengs v. Grengs*, 2020 ND 242, ¶ 18, 951 N.W.2d 260 ("This Court will not address issues raised for the first time on appeal.").

IV

[¶14] ESCO and SunBehm argue they acquired ownership of the Disputed Interests by virtue of the bankruptcy order confirming the sale. Great Plains claims their argument is barred by the law of the case doctrine and our mandate in *Great Plains I*.

4

> Under the law of the case doctrine, if an appellate court has ruled on a legal question and remanded the case to the lower court for further proceedings, the legal question thus determined becomes the law of the case and will not be differently determined on a subsequent appeal in the same case where the facts remain the same.

*Riverwood Commercial Park, L.L.C. v. Standard Oil Co., Inc.,* 2007 ND 36, ¶ 12, 729 N.W.2d 101. The law of the case doctrine precludes parties from relitigating issues resolved in a prior appeal or issues that "would have been resolved had they been properly presented." *Johnston Land Co., LLC v. Sorenson*, 2019 ND 165, ¶ 11, 930 N.W.2d 90 (emphasis omitted) (quoting *Viscito v. Christianson*, 2016 ND 139, ¶ 7, 881 N.W.2d 633). The mandate rule requires the district court to follow our decision in subsequent proceedings and to carry our mandate into effect. *Viscito*, at ¶ 7.

[¶15] The issue we addressed in *Great Plains I* was whether the district court erred when it held the bankruptcy trustee intended to sell "all of Great Plains' assets, including those not listed in the auction sale notice." 2019 ND 124, ¶ 9. On remand, ESCO and SunBehm argued they acquired ownership to interests in tracts identified in the notice of sale. They claimed the bankruptcy order confirming the sale vested them with equitable title to Great Plains' interests "referenced in the Notice of Sale." Our decision in *Great Plains I* did not determine which interests were included in the notice of sale. Nor did we decide the effect of the bankruptcy court's order confirming the sale. The issue we decided in *Great Plains I* and the issues raised on remand are distinct.

[¶16] Great Plains also asserts the issues raised on remand were "omitted from the first appeal and waived" because they "logically could have been raised." We conclude the issue was not waived. The judgment appealed in *Great Plains I* determined ESCO and SunBehm acquired all of the interests Great Plains owned regardless of whether they were included in the notice of sale. ESCO and SunBehm urged us to affirm the district court's judgment, which we instead reversed. Although they could have argued alternate grounds to affirm, the alternate grounds had not been reached by the district court and it is not clear it was a purely legal issue. The issues they raised on remand

5

focused on what assets transferred by virtue of the bankruptcy sale and confirmation order. This is consistent with our mandate in *Great Plains I*, which was for the district court "to determine the parties' claims and ownership of the properties consistent with this opinion." 2019 ND 124, ¶ 46. We conclude ESCO and SunBehm's arguments are not barred by the law of the case doctrine or our mandate in *Great Plains I*.

V

[¶17] SunBehm asserts Great Plains committed fraud by intentionally failing to provide the bankruptcy trustee with accurate descriptions of its interests. SunBehm argues that "as a result of the fraud, the property descriptions should be reformed under [N.D.C.C. §] 32-04-17 to reflect Great Plains' actual ownerships in the Properties." SunBehm did not plead fraud or request reformation in its answer. Nor did SunBehm make this argument to the district court on remand. We therefore conclude SunBehm has waived its argument concerning fraud and reformation. *See Gadeco, LLC v. Indus. Comm'n*, 2013 ND 72, ¶ 13, 830 N.W.2d 535 ("issues not properly preserved may be waived or not considered by this Court").

VI

[¶18] ESCO and SunBehm argue the district court's title determination is erroneous. The court rejected their claims to ownership based on collateral estoppel and a lack of conveying instruments from the bankruptcy trustee.

A

[¶19] We first address the district court's application of collateral estoppel. Collateral estoppel, also referred to as issue preclusion, is a branch of res judicata. *Hector v. City of Fargo*, 2014 ND 53, ¶ 7, 844 N.W.2d 542.

> "Although collateral estoppel is a branch of the broader law of res judicata, the doctrines are not the same." Res judicata, or claim preclusion, prevents relitigation of claims that were raised, or could have been raised, in prior actions between the same parties or their privies. Thus, res judicata means a valid, existing final judgment from a court of competent jurisdiction is conclusive with

6

regard to claims raised, or those that could have been raised and determined, as to the parties and their privies in all other actions. Res judicata applies even if subsequent claims are based upon a different legal theory. Collateral estoppel, or issue preclusion, forecloses relitigation of issues of either fact or law in a second action based on a different claim, which were necessarily litigated, or by logical and necessary implication must have been litigated, and decided in the prior action.

*Riverwood Commercial Park*, 2007 ND 36, ¶ 13 (quoting *Ungar v. N.D. State Univ.*, 2006 ND 185, ¶ 11, 721 N.W.2d 16. Collateral estoppel and res judicata operate to promote the finality of judgments and conserve judicial resources. *Witzke v. City of Bismarck*, 2006 ND 160, ¶ 8, 718 N.W.2d 586. "[T]he doctrines should apply as fairness and justice require, and should not be applied so rigidly as to defeat the ends of justice or to work an injustice." *Riverwood Commercial Park*, at ¶ 14. Whether collateral estoppel applies is a question of law that is fully reviewable on appeal. *Ungar*, at ¶ 10.

[¶20] ESCO and SunBehm's arguments on remand relied on various bankruptcy court decisions for the proposition that "[o]nce a sale made by a trustee in bankruptcy is confirmed by an order of the bankruptcy court, the sale becomes complete and whatever interest or estate the bankrupt debtor formerly had in the property passes from the trustee and the estate of the bankrupt to the purchaser." *Blaustein v. Aiello*, 182 A.2d 353, 355 (Md. 1962); *see also Coulter v. Blieden*, 104 F.2d 29, 33 (8th Cir. 1939) ("By the act of confirmation, the sale becomes complete and the title passes."); *In re Hereford Biofuels, L.P.*, 466 B.R. 841, 859 (Bankr. N.D. Tex. 2012) (judicial approval of a bankruptcy sale is an in rem proceeding that transfers property rights). Despite the lack of a valid conveying instrument from the bankruptcy trustee, ESCO and SunBehm claimed ownership based on equitable title.

[¶21] The district court held ESCO was estopped from claiming ownership of the Disputed Interests because it was a party to the bankruptcy litigation. The court found the issue litigated in the bankruptcy proceeding was identical to the issue before the court on remand. We conclude the district court erred as a matter of law. The bankruptcy court's holding did not determine which

interests were included in the notice of sale. Rather, the court's holding was limited to whether the trustee intended to sell all of Great Plains' assets, including those not listed in the notice of sale. The bankruptcy court's decision also did not determine whether ESCO and SunBehm acquired equitable title to the Disputed Interests by way of the sale and confirmation order. We hold the district court erred when it applied the doctrine of collateral estoppel, and therefore reverse.

B

[¶22] The district court also rejected ESCO and SunBehm's claims to ownership based on the absence of a valid conveying instrument from the bankruptcy trustee. The court quieted title in Great Plains to the Disputed Interests because ESCO and SunBehm did not provide evidence of any "deeds or other instruments of conveyance" for the "specific assets purchased at the auction."

[¶23] The district court's decision did not address ESCO and SunBehm's arguments concerning equitable title. ESCO and SunBehm argued the Disputed Interests were sufficiently identified in the notice of sale. They claimed ownership by virtue of the bankruptcy sale and confirmation order. They alternatively argued that regardless of whether the Disputed Interests were sufficiently identified, ownership of any interests held by Great Plains in the tracts listed on the notice of sale transferred because the terms of the sale were "as is." The court rejected ESCO and SunBehm's arguments concluding there was no evidence "as to the nature of the specific assets sold . . . within the bounds of the notice of sale." However, as the court noted in its findings of fact in *Great Plains I*, the evidence established which interests Great Plains actually owned in the tracts identified in the notice of sale.

[¶24] The district court's decision does not provide a rationale for rejecting ESCO and SunBehm's claims to ownership based on equitable title. Because we are unable to discern the court's rationale, we vacate the portion of the judgment determining title and remand the case. *See Johnson v. Johnson*, 2000 ND 170, ¶ 42, 617 N.W.2d 97 (remand is appropriate when the rationale underlying a district court's decision is unclear). On remand, the district court

8

must decide whether ownership of any interests in the tracts identified in the notice of sale passed to ESCO or SunBehm by virtue of the bankruptcy sale and confirmation order.

## VII

[¶25] Great Plains cross appeals arguing the district court erred when it rejected Great Plains' claims for damages based on slander of title and conversion of royalty proceeds.

## A

[¶26] We first address the slander of title claim. Great Plains asserts ESCO slandered its title by recording various instruments that purported to transfer or assign the Disputed Interests.

[¶27] Under N.D.C.C. § 47-19.1-09, attorney fees and damages shall be awarded in a quiet title action if the district court determines a party recorded an instrument or notice "for the purpose of slandering the title to real estate or to harass the owner of the real estate." Slander of title requires the party claiming slander to demonstrate the opposing party "acted with malice, intending to injure, vex, or annoy the plaintiff." *Maragos v. Union Oil Co. of California*, 1998 ND 180, ¶ 4, 584 N.W.2d 850; *see also Serhienko v. Kiker*, 392 N.W.2d 808, 815 (N.D. 1986) ("it must be shown that the defendant acted maliciously"). "[M]alice must be proved as a substantive fact." *Briggs v. Coykendall*, 57 N.D. 785, 224 N.W. 202, 205 (reversing jury verdict awarding damages for slander of title; holding the evidence was insufficient to support a finding of malice). In an appeal from a bench trial, we review a district court's factual findings under the clearly erroneous standard of review. *McCarvel*, 2020 ND 267, ¶ 9.

[¶28] The district court found Great Plains was not entitled to damages because there was no evidence ESCO acted with malice. Great Plains claims the court's finding is erroneous arguing "malice" means "deliberate conduct without reasonable cause." Great Plains asserts ESCO improperly elected to

9

use a "self-help" remedy by recording instruments rather than seeking to resolve title issues in the bankruptcy proceedings.

[¶29] Great Plains misinterprets our slander of title standard. Deliberate conduct without reasonable cause does not necessarily constitute malice. A showing of malice is required "otherwise every time one asserted a claim of title to property, and was unable to substantiate it, one would subject himself to a suit for slander of title." *Briggs*, 224 N.W. at 205. There must be evidence of an intent to injure, vex, or annoy. *Maragos*, 1998 ND 180, ¶ 4. We have reviewed the record and conclude it supports the district court's finding that there is insufficient evidence to establish malicious intent. We hold the court's decision is not clearly erroneous.

## B

[¶30] Great Plains argues the district court erred when it denied its claim for conversion. Conversion is "a tortious detention or destruction of personal property, or a wrongful exercise of dominion or control over the property inconsistent with or in defiance of the rights of the owner." *Van Sickle v. Hallmark & Assocs., Inc.*, 2008 ND 12, ¶ 21, 744 N.W.2d 532. "The gist of conversion is not in acquiring the complainant's property, but in wrongfully depriving the complainant of the property." *Ritter, Laber & Assocs., Inc. v. Koch Oil, Inc.*, 2004 ND 117, ¶ 11, 680 N.W.2d 634.

[¶31] Great Plains claimed ESCO and SunBehm converted its property by accepting and retaining royalty proceeds that Great Plains was entitled to from lessees and well operators. The district court denied Great Plains' claim finding Great Plains "provided no evidence that [ESCO and SunBehm] are lessees of Great Plains or operators of wells producing from the Subject Properties." The court's finding—that ESCO and SunBehm were not lessees or operators—does not address Great Plains' claim to conversion based on an alleged improper acceptance and retention of royalty proceeds. Because we are unable to determine the court's rationale for rejecting Great Plains' argument and we have vacated its title determination, we also vacate its denial of Great Plains' conversion claim. On remand, the district court must reconsider the issue based on the record and in light of its title determination.

10

## C

[¶32] Great Plains' brief on appeal cites case law concerning unjust enrichment and asserts ESCO and SunBehm "have wrongfully converted or misappropriated Great Plains' mineral royalties and have been unjustly enriched thereby." To the extent Great Plains asserts damages based on unjust enrichment, we conclude its claim is forfeited. Conversion and unjust enrichment are distinct causes of action. *Compare Hayden v. Medcenter One, Inc.*, 2013 ND 46, ¶ 14, 828 N.W.2d 775 (unjust enrichment is an equitable doctrine that rests upon constructive contracts implied by law), *with Buri v. Ramsey*, 2005 ND 65, ¶ 14, 693 N.W.2d 619 (conversion is a tortious interference of property inconsistent with the owner's rights). Great Plains asserted a claim for conversion before the district court, but it did not argue or brief a theory of unjust enrichment. Great Plains has consequently forfeited any claim to damages based on the equitable doctrine of unjust enrichment. *See Moe v. State*, 2015 ND 93, ¶ 11, 862 N.W.2d 510 ("issues not raised or considered in the district court cannot be raised for the first time on appeal"); *see also Sorum v. Dalrymple*, 2014 ND 233, ¶ 15, 857 N.W.2d 96 (issues are waived if not supported by argument, reasoning, or authority).

11

## VIII

[¶33] We affirm the district court's denial of Great Plains' slander of title claim. We reverse the district court's ruling on collateral estoppel as a misapplication of the law, and we vacate the court's title determination and its denial of Great Plains' conversion claim. We remand the case with instructions for the court to determine whether ownership of any interests in the tracts identified in the notice of sale passed to ESCO or SunBehm by virtue of the bankruptcy sale and confirmation order. The court must reconsider Great Plains' conversion claim based on the record and in light of the title determination it makes on remand. The court may order additional briefing or conduct additional argument as it deems necessary.

[¶34] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte