# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 156

Great Plains Royalty Corporation,

a North Dakota Corporation,                     Plaintiff and Appellant

v.

Earl Schwartz Company, a North Dakota
partnership, Basin Minerals, LLC, a North
Dakota limited liability company, SunBehm
Gas, Inc., a North Dakota corporation, and
Kay Schwartz York, Kathy Schwartz Mau, and
Kara Schwartz Johnson, as the Co-Personal
Representatives of the Estate of Earl N.
Schwartz,                                       Defendants and Appellees

## No. 20220052

Appeal from the District Court of McKenzie County, Northwest Judicial District, the Honorable Daniel S. El-Dweek, Judge.

AFFIRMED AS MODIFIED.

Opinion of the Court by Crothers, Justice.

Lynn M. Boughey (argued), Mandan, ND, and James J. Coles (appeared), Bismarck, ND, for plaintiff and appellant.

Spencer D. Ptacek (argued) and Lawrence Bender (appeared), Bismarck, ND, for defendants and appellees Earl Schwartz Company, Basin Minerals, LLC, and Kay Schwartz York, Kathy Schwartz Mau, and Kara Schwartz Johnson as the co-personal representatives of the Estate of Earl N. Schwartz.

Jon Bogner (argued) and Jordan L. Selinger (on brief), Dickinson, ND, for defendant and appellee SunBehm Gas, Inc.

# Great Plains Royalty Corp. v. Earl Schwartz Co., et al.
## No. 20220052

**Crothers, Justice.**

[¶1]  Great Plains Royalty Corporation appeals from a judgment entered on remand from this Court. Great Plains argues the district court erred in granting quiet title, dismissing the conversion claim, and awarding costs and disbursements. Great Plains also argues the defendants' title claims were barred by the statute of limitations and abandoned and the court lacked jurisdiction to enter judgment. We direct the district court to modify the judgment, and we affirm as modified.

I

[¶2]  We provided the background of this case in *Great Plains Royalty Corp. v. Earl Schwartz Co.*, 2019 ND 124, 927 N.W.2d 880 (*"Great Plains I"*) and *Great Plains Royalty Corp. v. Earl Schwartz Co.*, 2021 ND 62, 958 N.W.2d 128 (*"Great Plains II"*). The history is repeated here only as pertinent to the issues raised in the present appeal.

[¶3]  Great Plains went bankrupt in 1968 and its assets were liquidated. The bankruptcy trustee published a notice of sale listing various assets, including oil and gas interests. Earl Schwartz purchased the oil and gas interests, and the bankruptcy court issued an order confirming "the sale of all assets of the bankrupt corporation to Earl Schwartz." The order also noted Schwartz agreed to sell certain interests to SunBehm Gas, Inc., approving the transfer to SunBehm directly from the bankruptcy estate. The bankruptcy court issued an amended order confirming "the sale of all of the assets of the bankrupt corporation included in the Notice of Sale to Earl Schwartz." The bankruptcy case was closed in 1974.

[¶4]  The case was reopened in 2013 for Great Plains' creditors to be paid in full with interest. Various adversary proceedings were brought to determine ownership of oil and gas interests. The bankruptcy court did not determine title to the properties subject to this appeal.

1

[¶5]   In 2016, Great Plains sued Earl Schwartz Co. ("ESCO") and SunBehm for quiet title, slander of title and conversion. ESCO and SunBehm filed quiet title cross claims. A bench trial took place in 2018, and the district court found the bankruptcy trustee intended to sell 100% of the oil and gas interests owned by Great Plains at the time of bankruptcy, including those not listed in the notice of sale. This Court reversed the judgment in *Great Plains I* and remanded for further proceedings to determine ownership of the properties and other claims. 2019 ND 124, ¶ 46.

[¶6]   On remand, ESCO and SunBehm argued the bankruptcy order confirming the sale vested them with title to the properties. The district court rejected the argument and quieted title to Great Plains. This Court vacated the title determination and conversion claim in *Great Plains II*, 2021 ND 62, ¶ 33, and remanded the case "with instructions for the court to determine whether ownership of any interests in the tracts identified in the notice of sale passed to ESCO or SunBehm by virtue of the bankruptcy sale and confirmation order." *Id.* We directed the district court to "consider Great Plains' conversion claim based on the record and in light of the title determination it makes on remand." *Id.*

[¶7]   The parties submitted supplemental briefing on remand. Great Plains argued ESCO's and SunBehm's claims were barred by the statute of limitations, any title claims were limited to the property described in the notice of sale, and Great Plains was entitled to damages. ESCO and SunBehm argued the bankruptcy court's amended order conveyed all assets included in the notice of sale and the conversion claim should be dismissed.

[¶8]   The district court found ESCO and SunBehm obtained equitable title in all Great Plains' interests described in the notice of sale and dismissed the conversion claim. The court entered judgment granting ESCO and SunBehm all right, title, and interest to the properties in the notice of sale that belonged to Great Plains at the time of bankruptcy. The court awarded ESCO $16,703.24 in costs and disbursements.

## II

[¶9]   Great Plains argues the district court lacked subject matter jurisdiction to quiet title on properties not listed in the complaint. Great Plains also asserts the judgment contains properties not listed in any of the pleadings, including the counterclaims.

[¶10] The issue of subject matter jurisdiction can be raised at any time. *Great Plains II*, 2021 ND 62, ¶ 12. "Subject-matter jurisdiction refers to the court's power to hear and determine the general subject involved in the action[.]" *Alliance Pipeline L.P. v. Smith*, 2013 ND 117, ¶ 18, 833 N.W.2d 464. "A court has subject-matter jurisdiction over a proceeding if the constitution and laws authorize the court to hear that type of proceeding." *Id.* A district court has subject-matter jurisdiction to "hear and determine all civil actions and proceedings." N.D.C.C. § 27-05-06. Chapter 32-17, N.D.C.C., provides a cause of action to quiet title and determine claims to real estate in North Dakota.

[¶11] Although cloaked as a jurisdictional issue, Great Plains' argument really is one about pleading. Here, Great Plains sued ESCO and SunBehm to quiet title to three properties. ESCO filed a counterclaim seeking to quiet title to a number of properties involved in Great Plains' bankruptcy. The properties listed in the district court's judgment appear in the complaint and counterclaims filed in this case. The district court's jurisdiction to determine civil claims coupled with the statutory cause of action to quiet title to real estate provided the court with authority to resolve the issues presented. Therefore, Great Plains' "jurisdictional" issue is without merit.

## III

[¶12] Great Plains argues the district court erred in granting quiet title.

[¶13] This appeal stems from a bench trial. The district court's findings of fact are reviewed under the clearly erroneous standard, and conclusions of law are fully reviewable. *Great Plains II*, 2021 ND 62, ¶ 10. "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence

3

to support it, or if, after reviewing all of the evidence, this Court is convinced a mistake has been made." *Id.*

A

[¶14] Great Plains argues the district court disregarded the limiting terms in the notice of sale. Great Plains asserts the interests included in the notice of sale were for production payments only, so the court erred in awarding ESCO and SunBehm all right, title, and interest belonging to Great Plains at the time of bankruptcy.

[¶15] The district court found the bankruptcy trustee acquired all interest Great Plains had in the properties listed in the notice of sale, and whatever title Great Plains had at that time was sold to ESCO at the auction. The court found the notice of sale included descriptions to help prospective purchasers identify the property. In analyzing the descriptions, the court found the property interest was more expansive than argued by Great Plains and determined "because the bankruptcy trustee described the properties as 'parcels' with a legal description and not merely a well bore, this includes any interest Great Plains may have had in the legal description."

[¶16] At the time of the bankruptcy sale, the trustee was "vested by operation of law with the title of the bankrupt as of the date of the filing of the petition[.]" 11 U.S.C. § 110(a) (1970). "Real and personal property shall, when practicable, be sold subject to the approval of the court." 11 U.S.C. § 110(f) (1970). "The title to the property of a bankrupt estate which has been sold, as herein provided, shall be conveyed to the purchaser by the trustee." 11 U.S.C. § 110(g) (1970).

[¶17] Here, the notice of sale was published in various newspapers and included a list of assets to be sold at the auction. The notice listed property by parcel numbers and included a legal description of various properties. Some properties specified working interests. The notice directed the public to contact the bankruptcy trustee for "further, complete information as to description, appraisal, production history or personal property inventory[.]"

[¶18] In a deposition filed as an exhibit in this case, Myron Atkinson, the bankruptcy trustee, testified as follows:

> "Q. What was your understanding as a trustee as to the nature of the title you would convey? And I'm specifically looking at, did you provide any warranties of title or condition or anything like that related to the assets?
> A. No. I could only convey that which I held as trustee in bankruptcy. It certainly wasn't my expectation that we were warranting titles.
> . . . .
> Q. When you offered the properties where you were selling just royalties, and some of those royalty interests, I believe, were described as royalty interests in specific wells, do you recall—I mean, was there any discussion or mention of something being sold other than just a royalty interest in a particular well that was named?
> A. Well, first, I have no recollection of any question coming up as to what's the nature of the interest being offered. Is it a working interest? Is it a royalty interest? Is it a mineral interest? I don't recall any discussion of that kind at all. I think, you know, I'd have to assume that the people who were there understood what the descriptions were and expressed their bidding interest based on that.
> Q. Would it be fair to say, then, basically the representations made to the bidders were the fact that you published the sale list of property to be sold and they had to evaluate them?
> A. There was no representation of anything other than the described properties on the advertised notice.
> . . . .
> Q. Do you recall having any discussion with any of the bidders about what was being advertised as opposed to what was being sold, or were they just informed to rely on the notices that they had?
> A. I don't recall any discussion taking place as to what the nature of the interest was."

[¶19] The trustee's report of sale and petition for order confirming the sale stated "the assets of the bankrupt estate were offered for sale" and the trustee opened the bidding for "all of the assets of the estate." The report states the

5

trustee announced all sales were "as is" and "the Trustee warranted neither title nor condition of the property and that the Trustee was selling merely the interest of the bankrupt estate and no more." The bankruptcy court's partial amended order confirming sale of assets states the "Referee confirms the sale of all of the assets of the bankrupt corporation included in the Notice of Sale[.]"

[¶20] On this record, the district court's findings are supported by evidence and were not induced by an erroneous view of the law. Thus, the court's decision quieting title in favor of the defendants was not clearly erroneous.

B

[¶21] Great Plains argues the properties listed in the judgment are inconsistent with the properties listed in the notice of sale. ESCO concedes the judgment contains an error in the classification of certain property.

[¶22] ESCO contends the following land descriptions were not included in the notice of sale:

> "Township 160 North, Range 91 West, Burke County, North Dakota
> Section 3: SW1/4NW1/4, NW1/4SW1/4
> Section 4: SE1/4NE1/4, NE1/4SE1/4
> Section 10: N1/2NW1/4, NE1/4, NE1/4SW1/4, SE1/4NW1/4, W1/2SE1/4
> Section 11: W1/2NW1/4."

Paragraph 4 of the judgment lists the aforementioned property as both "Noticed Properties" and "Unnoticed Properties." ESCO asserts that property should be considered "Unnoticed Properties" because it was not included in the notice of sale. We agree.

[¶23] Upon an appeal from a civil judgment, this Court may modify the judgment. N.D.R.App.P. 35(a)(1); *Thomas v. Thomas*, 2020 ND 18, ¶ 9, 937 N.W.2d 554 (directing district court to modify judgment and affirming as modified). We direct the district court to enter an amended judgment correcting the classification of property by modifying paragraph 4 to remove

6

Township 160 North, Range 91 West, Burke County, North Dakota, Sections 3, 4, 10, and 11 from "Noticed Properties."

IV

[¶24] Great Plains argues the district court erred in determining the award amount for ESCO's costs and disbursements. We agree.

[¶25] Section 28-26-06, N.D.C.C., requires the clerk of court to tax certain costs and disbursements as part of a judgment in favor of the prevailing party. Section 28-26-06(2) requires disbursements for "procuring evidence necessarily used or obtained for use on the trial[.]" "Recovery of expenses is not limited to evidence actually introduced at trial." *Braunberger v. Interstate Eng'g, Inc.,* 2000 ND 45, ¶ 18, 607 N.W.2d 904. However, recovery is limited to expenses incurred in preparation for trial. N.D.C.C. § 28-26-06(2).

[¶26] Here, ESCO sought the payment of $6,947.06 for "Expenses of Obtaining Evidence for Use at Trial (N.D.C.C. § 28-26-06(2))." Its schedule of costs listed a $4,641.40 landman fee from July 2021 and a $2,296.66 landman fee from August 2021.[1] Great Plains objected to the payment of landman fees because they were incurred three years after trial. ESCO argued the fees were allowed under N.D.C.C. § 28-26-06(2) because the landman was hired to gather evidence for the evidentiary hearing ESCO requested after this Court's remand in *Great Plains II.*

[¶27] The district court did not address Great Plains' objection to the landman fees. The court awarded $16,703.24 in costs and disbursements against Great Plains. That total was determined based on ESCO's request for $20,922.74, minus $112.50 for ESCO's costs in the second appeal and offset by $4,107.00 for Great Plains' cost for a successful first appeal.

[¶28] Here, trial took place in 2018 and two appeals followed. After the second appeal, and without confirmation an evidentiary hearing would take place,

---

[1] The schedule of costs also listed a $9 fee for land records. The landman fees plus the land record fee equals $6,947.06.

7

ESCO hired a landman to assist in the production of new evidence. Our second remand directed the district court to "reconsider Great Plains' conversion claim based on the record and in light of the title determination it makes on remand." *Great Plains II*, 2021 ND 62, ¶ 33. Because the landman fees were not incurred for procuring evidence for use at trial, and because the second remand was a consideration on the record, the district court erred in taxing the new landman fees to Great Plains.

[¶29] Paragraph 11 in the judgment currently awards $16,703.24 in costs and disbursements against Great Plains. The landman fees total $6,938.06. We direct the district court to modify paragraph 11 of the judgment to subtract $6,938.06 from the award of costs and disbursements taxed against Great Plains.

V

[¶30] The remaining issues and arguments are either without merit or unnecessary to our decision. The district court's decision to quiet title in favor of the defendants is not clearly erroneous. We modify the judgment to correct classification of certain property and to subtract the landman fees from costs and disbursements taxed against Great Plains. The judgment is affirmed as modified.

[¶31] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte

8